30 C.C.P.A.(Patents)

## In re SALOMON.

### Patent Appeal No. 4748.

Court of Customs and Patent Appeals.

June 1, 1943.

F. Bascom Smith, of New York City (Dale A. Bauer, of New York City, of counsel), for appellant.

Theodore A. Hostetler, of Washington, D. C., for Alien Property Custodian.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting claims 20 to 24, inclusive, of an application for a patent on "Oscillation Damping Means" on the ground that said claims are not supported by the disclosure of the application as originally filed. Six claims were allowed.

Claim 20 is illustrative of the subject matter of the involved claims and reads as follows: "20. A device for damping the vibrations of a structure which comprises, in combination, a support rigidly connected to said structure, a shaft journaled in said support and parallel to at least a component of said vibrations, means for rotating said shaft, a flywheel keyed on said shaft, said flywheel being provided with recesses of circular radial section, and masses guided

in the longitudinal direction of said shaft in said recesses respectively."

Claim 20 is a copy of claim 1 of the patent to Sarazin, No. 2,137,591, granted November 22, 1938, upon an application serial No. 91,443, filed July 18, 1936. The patentee is entitled to the benefit of a filing date in France on July 24, 1935. Rejected claim 23 is a copy of claim 10 of the said Sarazin patent. The remaining appealed claims contain a limitation not found in the Sarazin patent.

The invention relates to devices, called damping means, adapted to eliminate or reduce vibrations in machine parts, particularly shafts. The devices comprise movable centrifugal pendular masses in flywheels mounted on shafts, centrifugal forces being caused by the rotation of the shaft. The masses act as a pendulum, are generally in spherical form and oscillate through an arc-shaped path or race in a plane parallel to the axis of the shaft as well as in the plane standing transverse to the axis of the shaft. It is said in the application that the masses may at the same time have different movements in different directions, particularly a pivotal movement around their own axes. The flywheel containing the masses rotates with the shaft and appellant states that the movements of the masses may oppose different vibrations in the machine parts and chiefly flexional oscillations of the shaft or else simultaneously torsional and flexional oscillations of the shaft.

The application was filed November 30, 1937, as a division of an earlier application which matured into patent No. 2,103,643, which disclosed and claimed means for damping torsional vibrations of a rotating part. On May 3, 1939, appellant presented certain amendments which included a Figure 7, which figure illustrates a conventional gas engine mounted on a chassis and containing a crank shaft upon which appellant's device is mounted.

One of the amendments which was entered reads as follows: "My invention may be applied to the most varied purposes. It allows the replacement of the usual flywheels adapted to regularize the movement of machine shafts for stationary machines, rail and road vehicles of all kinds, ships, and airships by means of much lighter flywheels than heretofore provided while retaining or even increasing the cyclic regularity.

"My invention is applicable to all branches of industry, piston motors of all types, piston pumps of all types and even turbines, electric machines, kinematographic machine mechanisms, presses, rolling mills and the like."

On March 11, 1940, the examiner entered the said new figure stating that it was "entered merely for the purpose of illustrating a conventional engine containing a crankshaft upon which may be mounted applicant's device." The examiner required cancellation, for the stated reason that it was new matter, of a proposed addition to the specification with respect to Figure 7 reading as follows: "Thus, any vibrations of the chassis structure 13 will be transmitted to shaft 11 through the engine casing which serves as a support for the shaft. Flywheel 10 is accordingly effective to dampen vibrations in any part of the structure including chassis 13, casing 12 and shaft 11."

In this connection the examiner stated as follows: "Neither the parent nor the present application included in its original disclosure the idea of damping the vibrations created in or by a support. Applicant's disclosures have been and are limited to the damping of vibrations in a shaft. Any damping effect that applicant's device may have on a casing or support is incidental, if not conjectural. Thus the damping of vibrations from any part of the structure illustrated in newly admitted Fig. 7, other than those arising within the crankshaft itself, is considered to be new matter and reference thereto should be canceled from the specification."

The Board of Appeals agreed with the conclusion of the examiner that there was not sufficient disclosure in the application of the limitations defined in the rejected claims. In its decision on appellant's request for reconsideration the board found no reason to change its conclusion with respect to the ground of rejection of the involved claims and stated that in making claims similar to those of a patent or in copying claims " * * * it is not sufficient that features may be urged as probably suggested or debatably inherent in the disclosure of the application. They must be definitely disclosed—In re Macfarren, 121 F.2d 468, 28 C.C.P.A., Patents, 1259, 533 O.G. 264; In re Adams, 117 F.2d 1017, 28 C.C.P.A., Patents, 949, 526 O.G. 861."

The question for decision here is whether the application clearly discloses the structure defined by the claims on appeal. Appellant contends that such disclosure is

present and that the damping of vibrations in a machine part carrying a shaft having appellant's device mounted thereon is inherent in the operation thereof.

While Figure 7 illustrates a conventional gas engine mounted on a chassis and containing a crank shaft upon which appellant's device is mounted, the fact that appellant's device, which is a damping means, is mounted on the crank shaft we think necessarily must involve an interpretation of that figure in its operation with the damping device. Thus in view of the purpose sought to be accomplished by appellant by his damping means, in our opinion one skilled in the art would readily observe that the vibration of the chassis would be communicated to the casing of the engine and necessarily also to the shaft, one end of which is mounted in the casing. While it is true that in the application it is stated that the devices are particularly adapted to damping torsional and flexional vibrations, it is clearly stated that the device is adapted "to eliminate or reduce the vibrations in machine parts" and that "the movements of the auxiliary masses may oppose different vibrations in the machine parts". In the entered amendments it is said that the invention is applicable to all branches of industry, piston motors of all types, piston pumps of all types, turbines, and electric machines, and that it allows the replacement of the usual flywheels on shafts for stationary machines, rail and road vehicles of all types, ships, and airships, by much lighter flywheels than theretofore provided. Plainly, appellant disclosed that his invention might be used on the shaft of a gas engine of an automobile such as is illustrated in Figure 7. If the device so used possessed the inherent characteristic of damping vibrations other than those which originated in the shaft itself, plain error was made by the tribunals below in their decisions.

Shafts are used for the purpose of operating machines. In order to function they must be attached to the parts intended to be moved by them. Vibrations of the parts of the machine in which the shaft is incorporated must necessarily be communicated to the shaft. That this is so is admitted in the brief of the Solicitor. It seems to us that since vibrations, such as those occurring in an engine, would be communicated to the casing thereof and naturally to a shaft mounted in the casing, a means on the shaft to dampen the vibrations thereof would also tend to dampen vibrations in the casing and machine parts connected to the shaft. Such result we think would be inherent in the functioning of the damping device of appellant.

It may be, as suggested in the brief of the Solicitor, that appellant never realized the said inherent characteristic of his damping device before he saw the device defined in the Sarazin patent. Figure 1 in the Sarazin patent is substantially the same as Figure 2 of the instant application in that both appellant and the patentee show a ball adapted to oscillate in a curved path extending longitudinally of a rotating shaft to which a flywheel containing the ball or mass is attached. Since both parties show substantially the same structure and the device of the Sarazin patent is adapted to damp longitudinal vibrations in the shaft, it is logical that the device of the appellant will perform the same function even though it is not specifically disclosed.

It is a settled principle of law that a patentee is entitled to the advantage of every use to which his invention is susceptible, whether this use was known or unknown to him. Swan v. Thompson, 80 F.2d 374, 23 C.C.P.A., Patents, 806, and cases cited therein; Foss v. Oglesby et al., 127 F.2d 312, 29 C.C.P.A., Patents, 1005.

We have no doubt, in view of what has heretofore been said, that the application herein discloses a structure which is inherently capable of exerting a damping effect on vibrations, either longitudinal or torsional or flexional, to which a rotating shaft or a machine part communicating therewith is subjected. It appears to us that if appellant were denied the right to make the involved claims it would be a denial to him of the right to install his damping device on the shafts of automobile engines or the like, the vibrations of which engines are necessarily transmitted to the shafts. We find no restriction in the application as to the source of the vibrations which are dampened. Since in our opinion appellant is entitled to use his invention to accomplish the function or result disclosed in his application he should likewise be entitled to include a statement of such use in his specification and an allowance of claims specific to such use.

For the reasons heretofore stated, Figure 7 is held to be properly in the application for all purposes and appellant is entitled to retain the subject matter with respect to the operation of the device illustrated by Figure 7. Therefore, there

being sufficient disclosure in the application to support the rejected claims, the decision of the Board of Appeals must be and is reversed.

Reversed.