33 C.C.P.A.(Patents)

**In re BROGDEN et al.**
**Patent Appeal No. 5147.**

Court of Customs and Patent Appeals.
June 11, 1946.

Roy F. Steward, of Washington, D. C., for appellants.

W. W. Cochran, of Washington, D. C., (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting twenty-two claims in appellants' application for a patent for certain alleged new and useful "Improvements in Bottle Carriers and Packages." The examiner rejected all the submitted claims, 1 to 25 inclusive; but the board allowed claims 1, 3, and 21 which are generic to the two species of the invention defined by the claims. Claims 5, 6, 7, 15, 16, 17, 22, and 23 are drawn to the elected species. Claims 8, 9, 10, 18, 19, 20, 24, and 25, drawn to the nonelected species, were not appealed and are not before the court.

Claims 4, 11, and 22 are illustrative—

"4. A bottle carrier as set forth in claim 3, having a handle strip with barbed ends engaged in slots provided in said side walls, said strip being long enough to provide a handgrip loop extending above the bottle tops when the carrier is loaded and being collapsible downwardly toward the top section.

"11. A merchandising package comprising the combination, with a carrier as defined in claim 1, of a plurality of bottles of the stated character contained therein and snugly engaged by said sections of the carrier in the relation specified in said claim.

"22. A consumer-unit bottle package comprising a group of cylindrical bottles of uniform size and shape and having upwardly tapering neck portions, compactly arranged in a single row, in combination with a carrier therefor consisting of a strip of thin flexible paperboard having its ends overlapped and joined to form a longitudinally continuous open-ended tube providing a bottom section, opposed side wall sections and a top section, which, tube extends continuously around the bottle group circumferentially under stress compelling snug conformation of said sections to the base, the opposed long sides and the shoulder portion of the bottle group respectively; said carrier being so proportioned and having its top so apertured that the tapering bottle necks project beyond the highest portion of the carrier top a distance sufficient to permit grasping any bottle neck with the hand, said highest portion being of substantial width and extending substantially parallel to the carrier base; said bottom section being approximately from three-sixteenths to about one inch narrower than the base portion of the bottle group; said side walls being provided with oppositely disposed pairs of gripping apertures adjacent their junctions with said bottom section having a width parallel to said junctions equal to at least two-fifths of the given bottle diameter and extending a substantial distance transversely into the side wall sections; and the edges of said apertures being maintained in gripping engagement with the bottle base rims by the stress aforesaid whereby to resist movement of the bottles toward either open end of the carrier; said package being substantially rigid and nondeformable under normal conditions of use."

The references are—

| | | | |
|---|---|---|---|
| Manteau (French) | 429,591 | July | 22, 1911 |
| Cunningham | 1,702,199 | Feb. | 12, 1929 |
| Cubberley | 1,968,877 | Aug. | 7, 1934 |
| Janowitz | 2,021,788 | Nov. | 19, 1935 |
| Schell | 2,036,645 | Apr. | 7, 1936 |
| Keith | 2,094,744 | Oct. | 5, 1937 |
| Seifer | 2,109,034 | Feb. | 22, 1938 |

The device constructed by appellants comprising a carrier and a handle is designed to be used in the sale to customers in retail stores of bottled beverages in paperboard packages containing a small number of bottles, usually six or less, of uniform size and shape, and to encourage the customer, after the beverage has been consumed, to bring the bottles back in such

container to obtain the refund of the deposit for the bottles commonly required at the time of purchase.

Appellants contend that—

"The allowance by the Board of generic claims 1, 3, and 21, of which 1 and 3 are the broadest claims in the application, greatly simplifies and narrows the issue to this appeal. Broad patentable novelty of appellants' invention has already been conceded by the allowance of those claims, and is therefore not in issue here. The only question remaining is whether appellants, having been adjudged entitled to broad claims, are entitled to still other and more specific claims which appellants contend should properly be allowed them for fully adequate protection of their invention, but which the Board has refused on grounds which appellants believe to be erroneous as set forth in their assignment of errors."

The argument which appellants advance here was submitted to the Board of Appeals and adversely ruled upon by it on a motion involving the reconsideration of its original decision.

It is noted in the decision of the board that claims 2, 4, 12, and 14, directed to a combination of a bottle carrier with a handle structure, were rejected as aggregative and lacking invention over the patent to Janowitz and others of record, and claims 5, 6, and 7 on the ground that they add nothing to claim 3 to which they are appended. Claims 11 to 17, inclusive, 22, and 23, directed to a package comprising the carrier. in combination with the bottles to be carried thereby, were rejected on the ground not only that there was no patentable combination of such a structure with the bottles to be carried therein, but also that such a combination was lacking in invention over such references as Cubberley and Keith.

The patent to Manteau relates to a container for the transportation of bottles, cans or other objects which may be disposed respectively in a single row, two rows or three. The packing or container of Manteau consists essentially of a single sheet of pasteboard or other appropriate material in which a series of openings is provided for receiving the necks of bottles or other similar objects placed side by side. The dimension of this sheet is adapted so that it can be folded four times on itself about the ensemble of the bottles the necks of which are engaged in said openings.

Cubberley provides a bottle carrier constructed from a single sheet of cardboard so as to substantially enclose and lock the bottles therein against shifting. The carrier with its contents may be placed in bottle crates. The midportion or bottom of the carrier is described as having sides extending upwardly therefrom—" * * * the distance between the parallel lines of folding of the bottom and sides being a slight amount less than the diameter of the bottom of the bottles to be carried therein. The respective sides of the carrier, near the bottom thereof, are cut away and the bottom portion is provided with arcuate shaped tabs extending through these cutaway portions to conform to the shape of the bottle bottoms."

Furthermore, in Cubberley—" * * * Hand grips are provided in the sides near the top of the carrier by cutting out openings in opposite parts of the carrier and by folding the material cut out inwardly. * * *"

Keith shows a bottle wrapper formed from a single strip of flexible material, such as paper or pasteboard, cut and creased to form either a single or double row carton with openings in the lower portions of the sides to fit the lower bulges of the plurality of carried bottles. Keith is also provided with a handle for use in transporting the bottle carrier.

Appellants provide a handle for their container which handle has its bifurcated barbed ends engaged in pairs of locking slots provided near the upper edges of the side walls and is collapsible down upon the container top.

Janowitz discloses an invention for the formation of handles from tape for carrying packages "so that when a portion of the tape is used for securing a package, a loop may be left free and a handle formed therein to facilitate carrying of the package." To accomplish the desired result, Janowitz provides "sets of slits at intervals along the tape so that the edges may

be infolded at the desired points for distances sufficiently long to form a handle which will be reinforced by the infolded edges."

Schell relates to movable handles for use as a carrying medium, "the handles being adapted to be selectively raised to a position to be grasped, or pushed down into a sheathed flat-lying relationship with their supporting body."

Seifer discloses "a carrying handle for use with pasteboard or paper containers usually made from flat stock and folded into their desired shape, the handle being of a character that will permit it being readily attached to the container" and being made of the same stock as the container.

The Board of Appeals held that while Cubberley is adapted to fit snugly about a group of bottles, the patent was not anticipatory of that feature of appellants' claims which define a bottle carrier "provided with openings or apertures in the top section thereof large enough to permit the tapered neck portions of the bottles to project upwardly beyond the top section."

Keith, the board further held, did not anticipate that feature of appellants' carrier "which is so constructed that gripping engagement of the bottle rims is compelled by the snugness with which the carrier conforms circumferentially to the top, bottom and two opposed sides of the bottle group, as set out in claim 1, for example." A similar ruling was made regarding Manteau.

For the reasons hereinbefore stated, the board allowed claim 21, directed to the bottle carrier, and also claims 1 and 3, as defining invention over the cited references.

█ Cubberley and Keith show, however, that a handle structure in combination with a bottle carrier is old in the art and it would involve no patentable distinction to substitute a handle such as described in Janowitz, Schell, and Seifer for appellants' use. We therefore agree with the board that the combination of the bottle carrier with a handle structure of the general type defined by claims 2, 4, 12, and 14 is unpatentable over the cited references.

Appellants urge that the board erred in holding that claims 5, 6, and 7 do not "add-

anything to claim 3 to which they are appended," that "None of claims 5, 6 and 7 appears to have limitations which set out any structure not necessarily present in the structure of claim 3," and that "the claims are multiplied until the invention covered by allowed claim 3 becomes vague." It is noted that claim 3 is generic to the two different species of the bottle carrier disclosed by appellants; one in which the bottles are disposed in the carrier in a single row and the other in which the bottles are disposed in a double row.

Claims 5, 6, and 7 are directed to the first species and the important and material limitations which appellants allege differentiate such claims from claim 3 are defined as follows in their brief: "Claims 5–7 all expressly recite that the top section of the carrier has a single row of neck-receiving apertures; also that the width of the bottom section of the carrier shall be less than the bottle diameter. Claims 6 and 7 require that the neck-receiving apertures shall be spaced apart between centers a distance slightly exceeding one bottle diameter; while claim 7 additionally requires that the base rim-gripping apertures also shall be similarly spaced apart."

For the purpose of considering claims 5, 6, and 7 in their entirety, it is deemed advisable to copy claim 3, which the board allowed. It reads—"3. A bottle carrier adapted to hold a plurality of cylindrical bottles of predetermined uniform size and shape with upwardly tapering neck portions, which comprises a strip of relatively thin flexible sheet material suitably bent and having its ends overlapped and joined to form an open-ended tubular container with a top section and a bottom section, both longitudinally continuous and connected together by two opposed upright side walls, said top section being provided adjacent substantially the topmost part thereof with apertures in substantially rectilinear arrangement and large enough to permit the tapered neck portions of a group of bottles placed in the carrier to project a substantial distance upwardly therebeyond, with said topmost part extending transversely between the lower portions of the bottle necks and substantially perpendicular to the bottle axes, said side walls being apertured

adjacent their respective junctions with said bottom section for gripping engagement with the base edges or rims of such bottles, such base apertures each having an effective rim-gripping width equal to at least two-fifths of the given bottle diameter; the size of said apertures in the top section being so correlated with the peripheral distance between them and the respective aforesaid junctions and said sheet material being of such thinness and flexibility that, when bottles of the predetermined size and shape for which the carrier is designed are contained therein, the edges of such base apertures engage the respective bottle rims and resist movement of the bottles toward either end of the carrier, such engagement being compelled by the snugness with which the carrier conforms circumferentially to the top, bottom and two opposed sides of the bottle group, whereby the resultant package constitutes as a whole a relatively non-deformable unit of substantial rigidity."

We also deem it advisable to quote the express limitations defined by claim 5—"5. A bottle carrier as set forth in claim 3, wherein said top section has a single row of neck-receiving apertures, and the width of said bottom section is less than the bottle diameter."

It is noted that the examiner in his action upon claims 5, 6, and 7 rejected them on the sole ground that they were unpatentable as lacking invention over a certain combination of the cited references and that the board in its action distinguished appellants' claims of the type of 1 and 3 over that combination and allowed both claims. Claim 3 as hereinbefore noted is generic to the dependent claims 5, 6, and 7. Although narrower in scope than claim 3 by reason of their express limitations, the dependent claims include the subject matter of claim 3. Thus, claim 5 is limited to a bottle carrier for transporting bottles disposed in a single row, while claim 3 is not.

It is our opinion that claim 5 defines a patentable species under the genus defined by claim 3 and that claim 5 may be allowed as a reasonable and advantageous protection of appellants' invention. Claims 6 and 7 are successively narrower

in scope than claim 5. There is nothing added in claims 6 and 7, however, that is not necessarily provided for in both claims 3 and 5. For that reason such claims are unnecessary and are not allowable on the ground that they contain immaterial limitations.

Claims 11, 13, 15, 16, 17, 22, and 23, directed to the bottle carrier in combination with the bottles to be carried thereby, were rejected both by the examiner and the board as defining a combination broadly old in the art as disclosed, for example, in the patents to Cubberley and Keith. Those patents disclose a bottle carrier formed from a single strip of flexible material having suitable creases and apertures with bottles placed within the carrier. In our opinion, this holding of the board is amply supported by the record which discloses further that appellants' carrier does not cooperate with its load of bottles in any such manner as to produce a new, useful or unexpected result.

While appellants contend here that they have introduced in the structural factors of their bottle carrier, "a principle of construction never utilized in this art," the record discloses and the board correctly held that appellants merely constructed a bottle carrier which fits the bottles more closely than do the bottle carriers of the cited references. For that structure adequate claims have been allowed.

Speaking of the record, it is noted that although Cunningham is cited as a reference not only by the examiner but also by the board, it is not included here in the transcript of the record. On the other hand, "In order," as appellants state in their brief, "to give a more complete and accurate picture of the prior art than can be had from only the references relied upon by the Patent Office," they have incorporated in the record a reproduction of seven different patents none of which was mentioned by the tribunals of the Patent Office. Furthermore, appellants devote an important element of their brief incidental to a discussion in detail of various features of these extraneous patents.

No useful purpose ever can be served by the incorporation of extrinsic or

immaterial matter in the transcript of a record on appeal or in the brief of counsel. On the contrary, such action has a tendency not only to confuse the issue involved but also to retard the work of the court through the imposition of unnecessary and often prolix matters for its examination. The seven patents thus introduced by appellants and the arguments presented in their brief regarding such patents necessarily have been examined and it is found that they have no bearing whatever on the issue in this case.

In view of our conclusion it is unnecessary to discuss and pass upon other points raised by appellants. For the reasons stated, claim 5 is allowed, and the action of the board in rejecting the remainder of the appealed claims is affirmed.

Modified.

GARRETT, Presiding Judge, sat during the arguments of this case, but because of illness took no part in its consideration or in the decision.