34 C.C.P.A.(Patents)

## Application of LOISELEUR.

### Patent Appeal No. 5152.

Court of Customs and Patent Appeals.
Dec. 9, 1946.

Vernon M. Dorsey, of Washington, D. C. (A. M. Holcombe and Samuel Z. Gordon, both of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel, for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in his final rejection of the two claims in appellant's application for a patent on the ground that their allowance would result in double patenting in view of the two patented claims in appellant's prior patent No. 2,278,722 issued on April 7, 1942, on an application, Serial No. 127,285 filed February 23, 1937.

The above-named patent and the application here involved describe two methods for forming a highly adhesive deposit of metal on the surface of materials constituted on the one hand of an organic matter or on the other hand of an inorganic matter. Each of the described and claimed methods involves three steps; namely, (1) conditioning said surface for rendering it absorbent to a molecular layer of ions, (2)

forming a molecular layer on the prepared surface, and (3) metallizing the ionic layer.

The first step in the respective methods differs according to whether the material to be coated is organic or inorganic. The second and third steps are the same irrespective of the nature of the basic material.

In the case of organic material, "the first step of the method consists in an imbibition of the surface intended to permit a penetration of the layer of ions produced in the second part of the treatment and to improve the adhesion of the final metallic deposit." In the case of inorganic material, the first step consists in scouring, cleaning, and freeing the surface to be metalized from any traces of oxides.

The two species of the invention hereinbefore described were disclosed but not claimed in appellant's original application, and there is no dispute that had they been claimed, they would have been allowed. Instead of claiming either or both of the species in his original application, appellant thereafter filed the application here involved the claims of which are directed to treating organic material, one of the species of the invention defined by the patented claims. The application here involved was filed March 6, 1941, more than four years having then elapsed after the date of the filing of applicant's previous application. The two applications were accordingly copending in the Patent Office for a period of more than a year.

The position taken by the tribunals of the Patent Office was that since appellant's previously issued patent discloses and claims generically everything set forth in the claims of his second application, which differ from the patented claims in scope only, allowance of the claims in the second application would result in double patenting and for that reason the appealed claims were rejected.

Under the rules of practice in the Patent Office an applicant for a patent may be granted the allowance of claims directed to a species of an invention where a generic claim directed to the same invention has been allowed in the same application. The Patent Office has also allowed claims directed to a species of the same invention defined by the generic claims of a different and previously filed application. That was done, however, after the applicant had amended his subsequent application, in conformity with the requirement of the examiner, to provide in the subsequent application that it was "a continuation in part" of his previously filed application. See Winkelmann v. Calvert, 154 F.2d 1012, 1014, 33 C.C.P.A., Patents, 1206.

This court has likewise held under its well established practice that for the reasonable and advantageous protection of an invention for which the allowance of a generic claim was granted in an application for a patent, claims in the same application directed to a species of the same invention may also be allowed. In re Brogden et al., 156 F.2d 82, 33 C.C.P.A., Patents, 1181.

This court has refused to grant the allowance of claims in a different and subsequently filed application, however, if the allowance of such claims would result in double patenting and extension beyond the period fixed by law of the monopoly incident to applicant's prior patent for substantially the same invention. In re Swan, 46 F.2d 572, 18 C.C.P.A., Patents, 935; In re Byck, 48 F.2d 665, 18 C.C.P.A., Patents, 1208; In re Barge, 96 F.2d 314, 25 C.C.P.A. Patents, 1058; In re Christmann et al., 128 F.2d 596, 29 C.C.P.A., Patents, 1037; In re Ward, 150 F.2d 436, 32 C.C.P.A., Patents, 1238.

There is nothing patentably different in the appealed claims over the patented claims of appellant's prior patent since the preparatory or first step in both sets of claims is substantially the same, the only difference being that the preparatory step in the appealed claims is defined in more detail to make the coating applicable to organic material only. The second and third steps defined by both sets of claims are identical.

The allowance of the appealed claims would therefore result in double patenting and work a hardship on the public by the extension of the monopoly incident to appellant's prior patent of more than four years beyond the period fixed by law. Un-

der the authorities hereinbefore cited, the appealed claims were properly rejected, and the decision of the Board of Appeals is accordingly affirmed.

Affirmed.