36 C.C.P.A.(Patents)

## Application of MAYS.

### Patent Appeal No. 5616.

United States Court of Customs and
Patent Appeals.

June 28, 1949.

Ashlan F. Harlan, Jr., Niagara Falls, N. Y. (Lloyd P. Shank, Washington, D. C., of counsel), for appellant.

W. W. Cochran (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Associate Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 5, 6, and 7 in appellant's application for a patent for an invention relating to the manufacture of metal-bonded abrasive articles. Six claims have been allowed by the Primary Examiner. Claims 5, 6, and 7 were rejected by the Primary Examiner as defining nothing patentable over allowed claim 4 upon which they are dependent.

For the purpose of considering claims 5, 6, and 7, it is deemed advisable to set out claim 4, which has been allowed. It reads:

"4. The process of forming thin abrasive articles such as cut-off wheels which comprises providing a conductive parting layer on a conducting surface, depositing *abrasive grain* on said parting layer, *electrodepositing a metal stratum* on said conductive parting layer and around said abrasive particles to a thickness approximating that of the diameter of the larger abrasive particles, whereby said abrasive particles are firmly bonded together, thereafter stripping off from the conducting surface said electrodeposited metal stratum, and removing outer portions from such electrodeposited metal stratum to expose portions of the abrasive grain at the surfaces of said stratum. (Italics added.)"

Appealed claims 5, 6, and 7 reads as follows:

"5. The process as set forth in claim 4 in which the abrasive particles include diamond particles and the electrodeposited metal is nickel.

"6. The process as set forth in claim 4 in which the abrasive particles include diamond particles and the electrodeposited metal is chromium.

"7. The process as set forth in claim 4 in which the abrasive particles include diamond particles and the electrodeposited metal is copper."

The examiner in his statement said:

"It is believed that claims 5, 6, and 7 were properly rejected as defining nothing patentable over claim 4. These claims are method claims depending upon the process recited in claim 4 and differ therefrom in merely reciting the fact that different specific materials are used in the process and this is not believed to involve a patentable difference, because the change in specific material called for by these claims does not constitute a different method than that called for by claim 4. See Holland Furniture Co. v.

Perkins Glue Co., 372 O.G. 517; [Id.]; 277 U.S. 245 [48 S.Ct. 474, 72 L.Ed. 868]; De Lamar v. De Lamar Min. Co., [9 Cir.,] 117 F. 240; Farrell v. Boston & M. Consol. Copper & Silver Min. Co., [C.C.], 121 F. 841; Baker v. F. A. Duncombe Mfg. Co., [8 Cir.], 146 F. 744; James Brown et al. v. Enoch Piper [91 U.S. 37, 23 L.Ed. 200, King v. Gallun,] 109 U.S. 99 [3 S.Ct. 85, 27 L.Ed. 870]; Lovell Mfg. Co., Ltd., v. Alanson Cary et al., 147 U.S. 623, [13 S.Ct. 472, 37 L.Ed. 307], wherein it was indicated that one process is not different from another merely because different materials are used."

Appellant contended before the board that he is entitled to the allowance of claims 5, 6, and 7 as directed to species coming under the genus recited in the allowed generic claim 4, and he based that contention upon the provision of Rule 41 of the Rules of Practice of the United States Patent Office, 35 U.S.C.A.Appendix, which reads as follows:

"Provided, That more than one species of an invention, not to exceed three, may be claimed in one application if that application also includes an allowable claim generic to all the claimed species."

As to that contention, the board in its decision stated:

"We hold there is nothing in the rule which makes it imperative that species claims shall be allowed if an allowable generic claim be presented. There is nothing in Rule 41 that changes the requirement that only patentably distinct claims should be allowed. Many of the decisions cited by appellant merely hold that because the condition prescribed in the last clause of Rule 41, beginning with "if", is fulfilled when the decision of the Examiner rejecting a generic claim is reversed, a rejection of species claims on the ground that there is no patentable generic claim must of necessity be no longer applicable. The decisions do not hold that the species claims should be allowed. In fact, in Ex parte Buxton, 67 USPQ 311, cited by the applicant in support of his position, it seems that the Board of Appeals would not allow a specific claim 31 as patentable over an allowed generic claim 30."

The appellant's position before us is that the quoted clause of Rule 41, supra, gives an applicant not merely *a right to present claims* to three or less species where the application contains an allowable claim generic to those species, but rather, he contends, that provision of the rule gives him *a right to the allowance of* three or less species claims where a generic claim is found allowable. The board held that the rule does not change the requirement that only patentably distinct claims should be allowed. The issue thus presented for our decision is whether under Rule 41 an applicant is entitled as a matter of right to the allowance of three or less species claims in an application containing an allowable generic claim regardless of whether or not the species claims are patentably distinct over the generic claim.

In Ex parte Doane, 1931 C.D. 5; 410 O.G. 275, Commissioner Robertson said:

"If on appeal the generic claims are found to be patentable, then, under the order above referred to, the question of the patentability of all the claims, subject to possible formal corrections, will have been determined."

In Ex parte Holtzman, patent file 1,933,-113, Oct. 31, 1933, recorded vol. 158, p. 1094, First Assistant Commissioner Kinnan said:

"As between two claims if the one covers or embraces what the other does and also what the latter does not the one is a generic claim and if it is not anticipated by the prior art, the other is not. If the claims in question are truly specific then, under Order No. 3154 of June 9, 1930, 395 O.G. 1142 such specific claims would be allowable except as to any matter of form, if the generic claim is."

The foregoing decisions relied on the following language of Order 3154:

"In the latter instance the claims to the various species would necessarily be allowable except as to matters of form in view of the allowance of the generic claim, and such claims to the additional species, not to exceed three in all, may be admitted under Rule 78 if the application has been passed for issue."

Order No. 3154 was superseded by Order No. 3254, Oct. 7, 1933, 438 O.G. 265, the pertinent language of which follows:

"If a generic claim is allowed, either by the examiner or by an appellate tribunal, the applicant may be allowed claims to any or all of the three species elected, if they be patentably distinct."

Patent Office Order No. 3254 was superseded by Order No. 3510, April 24, 1940 (Manual of Patent Office Procedure, Eighth Ed., Washington, 1940, p. 100) reading as follows:

"Where an application is filed with claims specific to each of two or more species and a claim or claims generic thereto, the Examiner, in the first action, will group the species claims in accordance with Notice of January 31, 1935, give a complete action on the merits of all generic claims, and if no generic claim is found allowable, require election of one species; or if any generic claim is found allowable and the number of species claimed exceeds three, a requirement for election of three species will be made. *If, however, the number of species claimed does not exceed three, a full action on the merits of such species claims will also be given where a generic claim is found allowable.* (Italics ours.)"

Order No. 3527, October 24, 1940, 520 O. G. 259, superseded the foregoing Order No. 3510; however the only change in the language above quoted was to eliminate the reference to the Notice of January 31, 1935. In all other respects the wording remained the same. A Notice, dated April 6, 1948, concerning Order No. 3527 was published in 610 O.G. 16, reading as follows:

"(1) Whenever a generic claim is found to be allowable in substance, even though it is objected to or rejected on merely formal grounds, action on the species claims shall thereupon be given as if the generic claim were allowed.

"(2) As a second distinct point, the practice outlined in Ex parte Taylor in the file of Patent No. 2,028,930 and related decisions, is not to be followed. These decisions set forth that when a generic claim is allowed, claims restricted respectively to the second and third species must contain every limitation of the generic claim.

"Once a claim that is determined to be generic is allowed, claims restricted respectively to the species embraced within the generic claim will be examined even though they do not include every limitation of the generic claim as to the features which are common to each species.

"Thus, where a claim is allowed which recites the species variants ($B_1$, $B_2$) generically but is specific as to characteristics (A) common to the several species, claims restricted to the species may be present with A recited either broadly or specifically. For example, claims analyzed as follows are proper:

1. A specific B generic
2. A broad $B_1$
3. A specific $B_1$
4. A broad $B_2$
5. A specific $B_2$

"In such cases it is to be noted that the patentability of the claims restricted to the species (A broad $B_1$ and A broad $B_2$) does not necessarily follow from the allowability of the generic claim (A specific B generic)."

From an examination of the foregoing cases and Orders construing Rule 41 within the Patent Office, it will be observed that the effect of the Doane and Holtzman decisions, based on Order 3154, which seem to support appellant's position here, has been modified by subsequent Orders until the most recent (see the italicized portion of Order 3510, repeated in Order 3527) furnish clear support for the board's position that Rule 41 does not require allowance of species claims where a generic claim is allowable. It is clear from the italicized portion of Order 3510 that the allowance of a generic claim does not render three or less species claims directed thereto per se allowable. Indeed, the current Order and Notice leave no doubt that the species claims are to be given full action on the merits.

Walker on Patents, Deller's Edition, discusses this subject in the following terms:

" * *. * A patent which stands at the head of its genus, must also stand at the head of every species in that genus. Such a patent may properly have a generic claim,

and it may also have one specific claim. Logically, it might have a specific claim for each species which it describes; but the Patent Office properly requires a separate application for a separate patent, for each species which the inventor will secure to himself, while allowing him to insert his proper generic claim in whichever of those applications he selects for that purpose. (2 Walker on Patents, Deller's Ed., 1277).

"It is a proper practice to make a generic claim and also a specific claim, in an application for a patent on a generic invention, even where only one species is described in the specification. (Citing cases).

"In such a case, if the inventor's understanding that his invention is primary, turns out to be true, both claims will be valid. But if some invention is afterward discovered in the prior art, which relegates the patent to a secondary place, the specific claim may stand and be valid, though the generic claim is too broad to be maintained.

"In the event that a generic claim is allowable, then it is proper to include claims directed to more than one species but not more than three species. In many arts, especially the chemical and metallurgical, this practice is of particular importance. The basis for the practice is found in Rule 41 * * * (quoting the rule). (2 Walker on Patents 780)."

On the basic issue before us for decision, the reported cases tend to support the appellant's position. When an inventor makes an invention and in his specification points out a specific construction, he may claim the specific construction and also have a general broad claim. Ryder v. Townsend, C.C.N.D. New York, 188 F. 792. When a patent contains a general claim for a combination of certain mechanical elements and a specific claim for a combination of a specified form, composition, or construction of one of those elements with the other elements of the general claim, the legal presumption is that the two claims secure different combinations, and the general claim is not limited to the specific form, composition, or construction set out in the specific claim, but protects the element and its mechanical equivalents. Zittlosen Manu-

facturing Co. v. Boss, 8 Cir., 219 F. 887. Where a broad process claims were held allowable as presenting matter patentable over the prior art, there was no harm done in allowing a narrow claim covering a specific process under the broad allowed claims. In re Henry K. McConnell, 40 F.2d 567, 17 C.C.P.A. Patents 1139, approving the doctrine of Parke-Davis & Co. v. Mulford Co., C.C., 189 F. 95, to the effect that it is not objectionable for a patentee to make a bona fide broad claim and follow it with narrower claims differentiated from each other in order to protect himself against possible anticipations of which he may not be aware. Where on appeal a broad process claim was held allowable, appealed process claims directed to species under the generic process claim were also held allowable without separate consideration. In re Thacker, 154 F.2d 156, 33 C.C.P.A. Patents 936. A claim defining a patentable species under a genus defined in an allowed claim may be allowed as a reasonable and advantageous protection of appellants' invention. In re Brogden et al., 156 F. 2d 82, 33 C.C.P.A. Patents 1181. For the reasonable and advantageous protection of an invention for which the allowance of a generic claim has been granted in an application for a patent, claims drawn to species under that genus may also be allowed. In re Loiseleur, 158 F.2d 309, 34 C.C.P.A. Patents 765.

In re Wood et al., 155 F.2d 547, 33 C.C.P.A. Patents 984, was a case where the appealed claims had been rejected by the board as being unnecessary, the patentable novelty being deemed adequately met by claims 11 and 14. The court there reversed the board, holding it to be well settled that an applicant for a patent has the right to express in a single application and in more than one claim the same invention, although worded in different language or including elements omitted in other claims which do not affect the patentability of one claim over another, and that he may be entitled to have in a single application species claims and broad and narrow claims, in accordance with the settled practice of the Patent office and the courts, with rare exceptions, to permit applicants considerable latitude in

defining in more than one claim their real inventions. The Wood case was concerned with giving an applicant considerable latitude in defining his invention by stating his claims in various ways, thus overcoming the fraility of words adequately to express in a single claim the subject matter of an invention without fear of anticipation. As in the McConnell case, the court concluded that there could be *no harm* in permitting the additional claims so long as the purposes of the statute were not frustrated by objectionable multiplicity or unnecessary recital of immaterial limitations. See also In re Clark, 97 F.2d 628, 25 C.C.P.A. Patents 1317, and In re Barnett, 155 F.2d 540, 33 C.C.P.A.Patents 1119. That danger of frustrating the purposes of the statute would not seem to be involved in the instant case where Rule 41 is relied upon, as it limits the number of species claims to three for any allowable generic claim (without the requirement for election). The many cases cited by the examiner to support his rejection were infringement actions where the holding was substantially that there is no invention involved in a new use for an old combination or process or where the only change is the substitution of equivalents for elements of an already defined process. It is true, as the examiner deduced from the cases he cited, that one process is not different from another merely because different materials are used. But we think that principle is inapplicable here where there is no question of distinguishing appellant's process from the prior art. The validity of the generic claim 4 is not challanged by any prior art references, and no problem arises as to whether or not the species claims are individually patentable over the prior art. Standing alone, each species claim would be allowable as presenting patentable subject matter; and we do not look with favor on a finding that to be allowed, each species claim must be patentable over each of the other two species claims, or over the generic claim.

The cases we have hereinbefore cited impel us to the conclusion which the solicitor concedes in his brief, that the court "has been liberal in allowing claims expressed in different words, with no patentable distinction, or in allowing more limited claims, even where the limitation does not involve a patentable distinction," and we have no justification for reversing that precedent now. No possible harm will inure to the public in granting the claims at bar, and it may happen (as Walker suggests, supra) if at some future test of the patent in an infringement suit the generic claim is too broad to be maintained, the specific claims may stand and be valid. Moreover, the allowance of the appealed claims, which set out the new process with greater particularity than the allowed generic claim, is more in harmony with the requirement of R.S. § 4888, 35 U.S.C.A. § 33, than their rejection.

On the issue presented for decision by this appeal we hold that an applicant is not entitled as a matter of right under Rule 41 to the *allowance* of three or less species claims where an allowed claim is generic to those species, but he is entitled to present such claims for consideration on the merits in a single application with the generic claim. In the instant case, on the authority of the McConnell, Wood, Brogden, and Loiseleur precedents, supra, we hold that the ground for rejection relied on by the examiner was not a sufficient ground in the circumstances of this case. Although the position taken by the board with respect to Rule 41 is correct, the affirmation by the board of the examiner's rejection of the claims at bar was, under the circumstances, reversible error. Accordingly, the decision of the Board of Appeals is reversed.

Reversed.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.