42 C.C.P.A.(Patents)
**In the Matter of the Application of Sylvan O. GREENLEE.**

**Patent Appeal No. 6117.**

United States Court of Customs and Patent Appeals.

May 25, 1955.

Pennie, Edmonds, Morton, Barrows, & Taylor, New York City (Clarence M. Fisher, Washington, D. C., and Frank E. Barrows, New York City, of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in finally rejecting, on the ground of double patenting, claims 1, 2, and 9 of appellant's application for a patent on an epoxide resin composition containing a latent curing catalyst. The board reversed the examiner and allowed claims 7, 8, 10, and 11.

The invention relates to a composition comprising epoxide resins and a delayed action catalyst, the latter consisting of a "complex of boron trifluoride and any of a wide variety of nitrogen compounds having at least one nitrogen atom which does not have a negative group directly linked to such atom." The latent catalyst will hereafter be referred to as a boron trifluoride-amine compound. One object of the invention as stated in applicant's specification, is to provide "a new composition comprising an epoxide resin and a delayed action catalyst which composition will be stable at room tempera-

ture for long periods of time, but will react at elevated temperatures to produce insoluble and infusible products." Another object is to produce "reaction mixtures containing epoxides with other constituents reactive therewith to form resinous compositions, such mixtures also containing a latent curing catalyst."

The appealed claims are:

"1. Heat hardening epoxide containing resin compositions having admixed therein as a latent curing catalyst a small amount of an addition product of boron trifluoride and an amine having at least one amino nitrogen atom which does not have directly linked thereto a negative radical.

"2. Composition as in claim 1 in which said amine is an aliphatic amine.

"9. A composition as defined in claim 1 dissolved in a volatile organic solvent."

The references which were relied on are: Greenlee(1) 2,511,913 June 20, 1950; Greenlee(2) 2,528,360 Oct. 31, 1950.

The patents to Greenlee are appellant's patents.

In Greenlee (1), insofar as pertinent here, the inventive concept appears to reside in the production of a new product by combining an epoxide resin and an aldehyde aromatic amine resin, with or without the addition of a catalyst. The patent recites a series of catalysts which can be used, and states that "boron trifluoride has been found to be extremely active * * * and in fact too active in a number of cases to be used as such." The patent further states that a latent type of catalyst, which on the application of heat liberates boron trifluoride, may be used. The latent type of boron trifluoride catalyst is then defined as being a compound of boron trifluoride with amines, amides, sulfides and the like. Claims 9 and 14 of Greenlee (1) are pertinent to the issue in this case, and read as follows:

"9. A new resin composition containing in admixture substantial proportions of an aldehyde aromatic amine resin containing active hydrogen and of a complex epoxide resin containing an average of more than one epoxide group per molecule resulting from the reaction of bisphenol with epichlorhydrin in the presence of caustic alkali, and which complex epoxide resin is a polymeric product containing alternating aromatic and aliphatic nuclei united through ether oxygen and containing epoxide and hydroxyl groups and being free from other functional groups.

"14. A molding composition made of the composition of claim 9 together with a catalyst selected from the group which consists of aliphatic amines, alkali metal hydroxides, alkali phenoxides, and *boron trifluoride catalysts* and capable of forming on hardening an infusible molded product." (Italics added.)

In Greenlee (2), insofar as pertinent here, the inventive concept appears to reside in the production of a new product by combining epoxide resins with condensates of aldehydes and ammonia derivatives. The patent states that certain catalysts have been found advantageous for bringing about the reaction; that of these catalysts boron trifluoride has been found extremely active, in fact too active, in promoting such reactions; but that a latent type catalyst which on the application of heat liberates boron trifluoride may be used. The latent type of boron trifluoride catalyst is then defined as "coordinated compounds of boron trifluoride with amines, amides, sulfides and the like." Claims 11 and 14 of Greenlee (2) are pertinent to the issue in this case, and read as follows:

"11. A composition containing in substantial proportions a fusible urea formaldehyde resin containing active hydrogen and a complex epoxide which is a polyether derivative

of a polyhydric phenol containing epoxide groups and free from functional groups other than epoxide and hydroxyl groups, the proportions of complex epoxide and of urea formaldehyde resin varying from about equal parts by weight to about 9 parts of complex epoxide to 1 of urea formaldehyde resin.

"14. A composition as defined in claim 11 which also contains a catalyst selected from the group which consists of aliphatic amines, alkali metal hydroxides, alkali phenoxides and *boron trifluoride catalysts.*" (Italics added.)

The examiner rejected the claims here on appeal as being unpatentable over either of the Greenlee patents on the ground of double patenting. In doing so, he pointed out that in the patent claims the patentee used the term "boron fluoride catalysts" in a plural form and in a generic sense. The examiner therefore concluded that the term clearly encompassed the latent curing catalyst which was set forth in the patent specifications. The examiner further pointed out, in support of his double patenting rejection, that claim 1 of the application was broader with respect to the materials to be treated than the patent claims, and that the catalyst was a species of the catalyst recited in the patent claims.

The Board of Appeals affirmed the examiner's rejection of the claims in issue here on the ground of double patenting, and stated that it could find nothing but a difference in scope as compared with the patent claims since the epoxide containing resin composition of claim 1 obviously and admittedly embraced the epoxide resin mixtures of the patents, and that the boron trifluoride-amine catalyst of claim 1 was embraced by the terminology "boron trifluoride catalysts" of the claims of the patents. The board then concluded that claims 1, 2, and 9 were properly rejected on the ground of double patenting for the reason that only a difference in scope was involved over the claims of the patent, citing In re Woodsome, 56 App.D.C. 138,

10 F.2d 1003; In re Loiseleur, 158 F.2d 309, 34 C.C.P.A., Patents, 765.

It is to be noted that the present application and the cited patents were copending. Therefore, according to the general rule, the patents are looked to only for what they claim. In re Coleman, 189 F.2d 976, 38 C.C.P.A., Patents, 1156; In re Horneman, 194 F.2d 108, 39 C.C.P.A., Patents, 809.

It is well settled that the doctrine of double patenting precludes the issuance of a second patent on an invention covered in applicant's patent; therefore the main issue is whether the claims of the patent and the application are directed to one and the same invention. In re Coleman, supra. Appellant has not shown that the epoxide resins recited in claim 1 do not embrace the claimed resins of his prior patents. In fact, it is stated in his brief that "Claim 1 accordingly is generic so far as the epoxide resins are concerned, including the epoxide resins by themselves or in admixture with other substances including other resins." Thus, as far as we can see, this portion of claim 1 embraces what has been previously claimed in appellant's prior patents. However, appellant does contend that "claim 1 is specific to the use of a particular type of delayed action catalyst for use with such resins, this catalyst being not only an addition product of boron trifluoride with an amine, but with an amine of a particular kind, namely, 'an amine having at least one amino nitrogen atom which does not have directly linked thereto a negative radical'." It is to be noted, however, that the claims of the prior patents recite the use of "boron trifluoride catalysts," and the specifications of the patents define these catalysts as being compounds of boron trifluoride with amines, amides, sulfides and the like. Furthermore, appellant states in his brief that the term "an amine" which appears in the specifications of the issued patents "is broad enough to include amines which do have such negative radicals, as well as those which do not." There can be no doubt that the portion of claim 1, which re-

lates to the catalyst, is more specific than the catalyst claimed in the patents, or defined in the patent specifications. As far as we can see, both the patent claims and those of the application relate to the same general combination, and the first question before us is to determine whether, under the foregoing circumstances, a claim of an application which recites one element of a combination more specifically than that element is recited in the patent claims is subject to a double patenting rejection.

It has been held that in determining whether double patenting exists in any particular situation that if the inventor has obtained a patent, he may not, in a subsequent application, be allowed claims not *patentably distinguishable* over those of the patent, although the claims in the application are more specific, In re Copeman, 135 F.2d 349, 30 C.C.P.A., Patents, 962, since the patentee has received all of the protection to which he is entitled, In re Coleman, supra. The correctness of this rule, we believe, is beyond question since, as stated in In re Coleman, supra [189 F.2d 981], "it is obvious that were the contrary true a patentee might indefinitely maintain a monopoly of ever diminishing scope."

We must therefore review the actions of the patent office tribunals in the light of the foregoing law, keeping in mind the statement of In re Coleman, supra, that it is difficult to lay down any general rule by which to determine when a given invention or improvements shall be embraced in more than one patent.

Claims 14 of both Greenlee patents recite the use of "boron trifluoride catalysts." It is deemed that this term encompasses a latent type of catalyst, containing boron trifluoride with amines, amides, sulfides, and the like, which on the application of heat liberates boron trifluoride since it is stated in the patent specifications that this type of catalyst can be used. In looking to the patent specifications to determine the scope of the term "boron fluoride catalysts,"

which appears in the claims, we do not feel that it is contrary to the general rule set forth in In re Coleman, supra, that the patents can only be looked to for what they claim since they were copending with the application. This practice of looking to the specification has been followed by this court in the past in In re Copeman, supra, wherein it was held that there was double patenting because the claims of the application differed only in scope from the claims of the patent, and wherein the feature upon which patentability was predicated in the appealed claims was not recited in the patented claims, but merely appeared in the patent specification. It can readily be seen, therefore, that if the court felt in In re Copeman, supra, that the specification of the patent could be consulted to sustain a rejection of double patenting when non-inventive subject matter did not appear in the patent claims, but was recited in the claims of the application, that it certainly can be consulted in a situation such as this one where the subject matter in question appears broadly in the patent claims but is defined more clearly in the patent specification. In the present case we do not feel that it is amiss to express our opinion that if a person were to use a latent type of boron fluoride catalyst containing an amine, amide, or sulfide in practicing the invention set forth in claims 14 of the patents that the patentee-appellant would consider these claims to be infringed. We therefore feel that the examiner's looking to the specification to determine the meaning of the term "boron fluoride catalysts" which appears in the patented claims was proper under the circumstances.

It is to be observed, however, that the latent curing catalyst of claim 1 of the application does not only consist of boron trifluoride and an amine, but of boron trifluoride and an amine having at least one amino nitrogen atom which does not have directly linked thereto a negative radical. In this respect, however, it is to be again noted that appellant has stated in his brief that the term

"an amine" which appears in his patent specifications "is broad enough to include amines which do have such negative radicals, as well as those which do not." The further question must therefore be considered, namely, whether the board was correct in holding that the appealed claims were but unpatentable species of the allowed patent claims, and that these claims were unpatentable to the applicant on the ground of double patenting.

 We have thoroughly reviewed applicant's brief for the purpose of determining why the use of the catalyst specified in the claim of the application is inventive over the catalyst set forth in the patents, and we have found nothing therein which would conclusively show that the latent curing catalyst recited in claim 1 is not an unpatentable species of the catalyst recited in the patent claims. We must therefore agree with the board's holding that only a difference in scope was involved over the patent claims, and that the appealed claims were therefore unpatentable in accordance with the above cited well settled law.

Appellant has strenuously urged both before us and before the board that two different inventive concepts are involved, and that the appealed claims are therefore patentable over the patents, citing In re Carlton, 77 F.2d 363, 22 C.C.P.A., Patents, 1223; In re Davis, 123 F.2d 651, 29 C.C.P.A., Patents, 723; In re Coleman, supra; In re Horneman, supra. However we are of the opinion that these cases are inapposite since two inventive concepts are not involved in the present case. More specifically, appellant states in his brief that there are "two separate and distinct inventive concepts, one the new combinations of epoxide resins with other resins described and claimed in the issued patents, and the other the concept of the appealed claims involving the use of a particular group of catalysts with epoxide resins." For reasons stated above, we are of the opinion that the appealed claims possess the same inventive concept as claims 14 of the patents since both sets of claims relate to

the combination of epoxide resin compositions containing boron trifluoride catalysts, the only pertinent distinction of the appealed claims being the specific catalyst utilized. We feel, as did the board, that this amounts only to a difference in scope, especially since there is no evidence to the contrary.

Appellant has stated in his brief that "claims 2 and 9 are subordinate to claim 1 and do not need separate discussion." We therefore do not feel that it is necessary for us to consider these claims separately.

We have carefully considered all of the contentions which appear in appellant's extremely lucid brief, however we feel that it is unnecessary to answer them specifically since the foregoing application of the law, in our opinion, is determinative of the issues in this case.

For the foregoing reasons, we are of the opinion that the decision appealed from should be affirmed.

Affirmed.