**ARMOUR RESEARCH FOUNDATION OF ILLINOIS INSTITUTE OF TECHNOLOGY, Plaintiff,**

v.

**Robert C. WATSON, Commissioner of Patents, Defendant.**

**Civ. No. 2084–56.**

United States District Court

District of Columbia.

March 31, 1958.

Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., Smith, Michael & Gardiner, Washington, D. C., of counsel, for plaintiff.

C. W. Moore, Solicitor, U. S. Patent Office, Washington, D. C., for defendant.

McGARRAGHY, District Judge.

This is an action brought under Title 35 U.S.C.A. Section 145 to authorize the Commissioner of Patents to issue to the plaintiff Letters Patent containing Claims 35, 36, 37, 38 and 39 of application Serial No. 114,677, entitled "Improved Coating Material For Magnetic Recording", and filed by Marvin Camras, assignor to the plaintiff herein, on September 8, 1949. Claims 35 through 39 are as follows:

"35. In a method of making permanent magnet material from a starting synthetic iron oxide containing a trivalent iron atom having a coercive force less than 200 oersteds and having a particle size of one micron and less by reducing said iron oxide at an elevated temperature, the improvement which comprises the preliminary step of heating such starting synthetic oxide to a temperature between 1000° and 1750° F. for a sufficient length of time that when subsequently reduced at an elevated temperature below that used in said preliminary heating step said iron oxide acquires a coercive force value in excess of 200 oersteds and higher than could be obtained by employing the same reducing conditions in the absence of said preliminary heating step.

"36. The method defined by claim 35 in which the preliminary heating step is carried on in the presence of an oxidizing atmosphere, and the subsequent reduction is carried out in a reducing atmosphere at a temperature of between 400° and 1200° F.

"37. The method defined by claim 35 in which the starting synthetic oxide is of cubic particle shape, the preliminary heating step is carried out in the presence of air, the subsequent reduction step is carried out in a hydrogen atmosphere and the resulting reduced iron oxide has a coercive force value in excess of 300 oersteds.

"38. The method defined by claim 35 in which the starting synthetic oxide is ferrosoferric oxide ($Fe_3O_4$) of cubic particle shape, the preliminary heating step is carried out in the presence of air, the reduction step is carried out in a reducing atmosphere and the resulting reduced iron oxide is re-oxidized at a temperature from about 400° to 900° F. in an oxidizing atmosphere to produce an iron oxide having a coercive force value in excess of 200 oersteds.

"39. Permanent magnet material adapted to form an element of a magnetic impulse record member consisting of synthetic magnetic iron oxide particles of a cubic particle shape less than one micron in size and having a coercive force value ($H_c$) between 200 and 450 and a remanence ($B_r$) of 200 and above."

The Patent Office Board of Appeals, in a decision rendered on March 8, 1956, affirmed the decision of the Primary Examiner with respect to the above quoted claims; finding them unpatentable because they were contrary to the law against double patenting. Sections 13, 21 and 25 of United States Patent No. 2,694,656, issued to Marvin Camras on November 16, 1954, along with sec-

ondary references, were used to support the Patent Office decision.

Plaintiff has attempted to distinguish the pending application from the issued patent by the use of a high temperature pre-treatment which results in higher coercive force values for materials which, without the pre-treatment, would not be effective under the issued patent. The Patent Office says that materials to be used in the issued patent are not limited to exclude the materials to be used under the pending application. Moreover, the issued patent provides for a step of heating the iron oxide crystals to a temperature between 500° and 1550° F., which step corresponds to the plaintiff's pre-heating step. The Patent Office further held that a conventional procedure used to reach the starting material of the issued patent is by heating the iron oxide within the range specified by the plaintiff's claim.

It is settled law that a patent should not issue for an invention which is covered by an issued patent, particularly to the same patentee, unless the matter described in the second application is essentially distinct and separable from the invention covered by the issued patent. Miller v. Eagle Mfg. Co., 151 U.S. 186, 14 S.Ct. 310, 38 L.Ed. 121. As was held in In re Horneman, 194 F.2d 108, 111, 39 C.C.P.A., Patents, 809, an inventor after obtaining a patent for a certain invention "may not, in a subsequent application, be allowed a patent containing claims which do not distinguish patentably over those of the issued patent." Also, see, Application of Greenlee, 222 F.2d 739, 42 C.C.P.A., Patents, 926.

In this case the claims of the plaintiff's application do not distinguish themselves patentably from those of the issued patent. Accordingly the complaint will be dismissed.

Counsel for defendant will submit proposed Findings of Fact, Conclusions of Law and Judgment.