Smith, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 1 to 8, inclusive, 11, 13, 14, 15, 16, 18, 19, 24, 25,. and 26 of appellant’s application for a patent on a method of packaging biscuit, on the ground that the method claimed would be obvious-in view of prior patents. Claims 11, 14, 18, and 19 were originally included in this appeal but have been withdrawn and will not be considered.
Claims 1, 3, 6, 7, and 24 are representative of the appealed claims and read:
1. A method of wrapping biscuit which comprises continuously advancing a column of biscuit stacked on edge, metering predetermined quantities of said *853 moving column of biscuit, separating said predetermined quantities of biscuit into spaced packageable groups, conjointly advancing a continuous web of flexible wrapping material lengthwise adjacent said separated columnar groups of biscuit and progressively folding said web of wrapping material about said groups, folding and sealing tbe free edges of said wrapper in overlapping relationship about the advancing groups of biscuit thus forming a continuous wrapping around the spaced groups of biscuit, and collapsing and sealing said wrapper intermediate said groups of biscuit by bringing opposed sides of said wrapping into contact with one another, thereby forming a series of interlinked successive packages.
3. A method of packaging biscuit which comprises continuously folding a web of flexible packaging material about a continuously advancing column of unit groups of biscuit stacked on edge, heat sealing the longitudinal free edges of said web while it advances to form a wrapper confining the stacked groups of biscuit therein, and collapsing and heat sealing said wrapper intermediate said groups to form a chain of packaged biscuit.
6. A method of wrapping biscuit which comprises continuously advancing a column of biscuit stacked on edge, separating predetermined quantities of said moving columns of biscuit into spaced apart packageable units, conjointly advancing a continuous web of wrapping material lengthwise adjacent said columnar units of biscuit and progressively folding said web initially about said columnar units in substantially channel shape becoming progressively rectangular in cross section with outurned [sic] marginal edges, progressively folding and heat sealing said marginal edges together adjacent to said biscuit, and collapsing and heat sealing said wrapper at said spaced apart points intermediate said unit quantities of biscuit by bringing opposed sides of said wrapping at said points into contact with one another while applying heat and pressure thereto, thereby forming a series of successive interlinked packages.
7. In a method of continuously wrapping packageable quantities of stacked biscuit in heat sealable packaging material the steps comprising folding a web of said material in substantially rectangular shape about said biscuit with the marginal edge portions of said web placed together and forming a lip extending outwardly from the biscuit, progressively from end to end forming said lip into a V-shaped fold, applying heat to said fold to effect hermetic sealing thereof, and then cooling and flattening said fold against the side of said wrapper to form a longitudinal seam.
24. Steps in a method of packaging biscuit, consisting in continuously feeding a web of packaging material in a horizontal direction, conveying a column of edgewise-stacked biscuit from a point remote from said packaging material, metering and segregating said biscuit into packageable groups, feeding said groups of biscuit parallel and contiguous with said packaging materials, and thereafter enveloping said packaging material around said groups of biscuit and sealing it while said groups are in motion.
The references relied on are:
Smith et al., 420,743, February 4,1890.
Prouty et al., 708,255, September 2,1902.
Monaco, 2,358,413, September 19,1944.
Denison, 2,600,216, June 10,1952.
Appellant’s application discloses a process in which the “biscuits,” hereinafter referred to as biscuits or crackers, to be packaged are *854 stacked on edge and in face to face contact with each other on a continuously moving horizontal conveyor belt. While the stacked crackers are in motion, predetermined numbers are successively separated from the forward end of the stack and moved forward in the form of blocks at a greater speed to a packaging device which surrounds them with a continuous web of flexible wrapping material which advances along with the biscuits and is progressively folded about them in the form of a tube. The longitudinal edges of the material are placed together to form a lip which is progressively formed into a V-shaped fold and heat-sealed. Thereafter the sections of the tube between the spaced blocks of biscuits are collapsed, heat-sealed, and severed, resulting in individually wrapped packages of biscuits.
The Denison patent, the basic reference, discloses a method of packaging articles such as blocks of oleomargarine or boxes of candy in which the articles are deposited in spaced relation on a continuously moving web of packaging material. As the web advances it folds about the articles in a tubular form, and the longitudinal edges are heat-sealed together, after which the sections of the tube intermediate the articles are pressed together, heat-sealed, then severed, also resulting in individual packages.
Appellant urges in his brief here that the Denison patent does not disclose an operative apparatus, particularly with respect to the folding and advancing of the web. So far as the record shows, that argument was not advanced before or considered by the Patent Office and is not stated in the reasons of appeal. Accordingly, it is not properly before us. In re Davis, 26 CCPA 1249, 103 F. 2d 922, 41 USPQ 674; In re Goldberg, 35 CCPA 1225, 168 F. 2d 527, 78 USPQ 69.
Moreover, while Denison does not show all the details of his apparatus, it is clear how it is intended to operate and, in our opinion, the elements not shown could readily be supplied by a person skilled in the art. Even if that could not be done, Denison’s web could easily be advanced and formed by hand.
The Smith et al., Prouty et al., and Monaco patents were cited as showing it to be old to stack crackers or biscuits on edge and to move the stack horizontally. However, those patents do not show separation or packaging of the articles.
It was the opinion of the board that Denison’s process is applicable generally to the wrapping of blocks of any material which will maintain its shape while being wrapped, and that it would be obvious to apply the instant process to blocks of biscuits stacked on edge. We agree with the board.
*855 Denison’s packaging process is clearly independent of the specific nature of the blocks being wrapped and could be easily applied if so desired to blocks of biscuits stacked on edge. If the biscuits were of such a shape that they tended to fall over it would be obvious to restrain them by tying or some other suitable manner. The packaging process is the same regardless of the specific nature of the articles being packaged, and mere substitution of one (rigid or solid block-like) article for another does not result in a patentable process.
We think the board correctly held that claims 3, 5,15, and 16 define nothing more than the application of the Denison process to blocks of biscuits stacked on edge, and the board’s decision as to those claims is affirmed.
Claims 7, 8, and 13 are broader than claims 3, 5,15, and 16 in that they do not specify that the biscuits are stacked on edge, but are narrower than the latter claims in that they call for making the longitudinal seal in the wrapping material by placing the edges together and forming them into a V-shaped fold, which is then flattened against the side of the wrapper.
The board held that the V-shaped fold is an obvious method of folding commonly employed in closing the ends of grocery bags. Appellant did not dispute that holding and does not contend here that such a fold is new per se, but argues that the progressive making and heat-sealing of such a fold in the combination of steps set forth in claims 7, 8, and 13 is patentable. We are unable to agree with that contention. Denison discloses the progressive heat sealing of the edges of his material and, so far as the packaging process claimed here is concerned, it would be obvious to employ the well-known V-shaped fold in making such a seal. We agree that claims 7, 8, and 13 are un-patentable.
Claims 1, 2,4, and 6 call for a process involving advancing a column of biscuits stacked on edge, separating metered portions of the column into spaced groups which continue to advance, and packaging and sealing the groups. Such a method presents definite advantages over that of Denison in which the blocks of material to be packaged must be separately formed and fed to the packaging means either manually or from a magazine. Appellant’s idea of dividing continuously moving columns of biscuit into separated portions which continue in motion while being packaged, is not shown in or fairly suggested by the cited references and, in our opinion, is properly defined in claims 4 and 6. Those claims, therefore, should have been allowed.
While we think a similar interpretation might be inferred as to claims 1 and 2, the language of these claims is susceptible to other interpretations. While we think claims 1 and 2 may be allowable if *856 limited to the interpretation which appellant has urged, their present wording does not clearly require this interpretation. So for this reason only the decision of the board is affirmed as to these claims.
Claims 24, 25, and 26 are similar to claims 1, 2, 4, and 6 in that they recite conveying of a column of biscuits stacked on edge. They are not limited, however, to the separation of the moving column into spaced portions, but merely state that the biscuits are metered and segregated into packageable groups which are fed parallel with the packaging material. Those requirements would be satified by manually selecting the desired number of biscuits from a moving column such as provided in each of the secondary references and placing them on the wrapping material web of Denison, after tying them, if necessary, to prevent tipping. It seems to us, as it did to the board, ■that such a procedure would be obvious to one skilled in his particular field and would produce no new or unexpected result.
Appellant contends that the step of feeding the biscuits parallel and contiguous with the packaging material in claims 24, 25, and 26 is not satisfied by placing the biscuits on the material, as in Denison. We do not agree with that contention. Moreover, it is immaterial so far as the claimed process is concerned, whether the concurrent movement of the biscuits and packaging material results from placing the biscuits on the material or is produced independently. For similar reasons the limitation in claim 25 that the web is fed by frictional contact with the biscuits is without patentable significance.
The decision of the board is modified, being reversed as to claims 4 and 6 and affirmed as to the remainder of the appealed claims.