50 CCPA

**Application of Oliver C. ECKEL.**

**Patent Appeal No. 6990.**

United States Court of Customs
and Patent Appeals.

May 16, 1963.

Harold E. Cole, Boston, Mass., for appellant.

Clarence W. Moore, Washington, D. C. (J. F. Nakamura, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Associate Judges.

WORLEY, Chief Judge.

This is an appeal from the decision of the Board of Appeals affirming the examiner's rejection of claims 30, 31 and 32 of appellant's application [1] for a patent for "Assembly of Acoustical Panels with Retainers." Two claims were allowed.

Claim 30, which is representative, reads:

> 30. An assembly in combination with two angularly adjoining walls, said assembly comprising a plurality of panels extending along said two adjoining walls adjacent the junction thereof and spaced apart, a corner standard positioned at the corner between said two angularly adjoining walls and embodying two outer face portions adjoining each other in angular relationship and a first outwardly extending flange extending towards one of said adjacent panels and a second outwardly extending flange spaced from and extending towards the other of said adjacent panels and angularly to said first flange, a first of said panels extending along a first of said walls and em-

---

1. Serial No. 706,841, filed January 2, 1958.

bodying a flange at a side thereof that extends towards and is spaced from said corner standard first flange, a first channel-shaped batten embodying two legs one in contact with said corner standard first flange and the other in contact with said first panel flange, and a connecting portion between said legs, another of said panels extending along a said wall that angularly adjoins said first wall embodying a flange at a side thereof that extends towards and is spaced from said corner standard second flange, another channel-shaped batten embodying two legs one in contact with said other panel flange and the other in contact with said corner standard second flange, and a connecting portion between said latter two legs, and means holding each said batten in said contact positions, an outer face of said first panel, the said connecting portion of said first batten legs and one of said two outer face portions of said standard being in coplanar alinement, the other of said two outer face portions of said standard, the outer face of said other panel and the connecting portion of the other batten legs being in coplanar alinement.

The references relied on are:

| Eckel | 2,889,017 | June 2, 1959. |
| Australian patent | 159,932 | November 24, 1954. |

The application relates to a corner arrangement of sound proofing panels attached to the walls of a room. Panels on each of two intersecting walls terminate just short of the corner of the room and are interconnected by a member designated a corner standard. Each panel is disclosed as including spaced parallel enclosure sheets of perforated metal bent inwardly toward each other at the side edges and formed into longitudinally projecting flanges centrally of the edges. The space between the perforated sheets is filled with insulation such as glass wool.

The corner standards are likewise of hollow construction and filled with insulation. The central portion is formed into a right-angled shape and the two ends or edges face and conform in shape to the edges of the adjacent panels. The centrally disposed flanges on the confronting vertical edges of the panels and corner standard are aligned in spaced relationship. Channel shaped battens are bolted to the walls between the panels in vertical position so that their legs engage the flanges on the adjacent edges of each panel and corner standard and substantially close the space between the edges. A horizontal sectional view of two perpendicularly disclosed panels connected by means of a corner standard 70 and two battens 17 is illustrated in Fig. 4 of appellant's application, set out below:

Fig. 4.

The Eckel patent is appellant's own patent issued on an application [2] filed earlier than, and copending with, the instant application. The patent claims an assembly of two panels with a connector therebetween, shown in Fig. 1 of the drawing as follows:

2. Serial No. 632,586, filed January 4, 1957.

Fig. 1.

The panels disclosed are of the same construction as those involved in the present case, and, as shown in Fig. 1, are connected in coplanar relationship by battens in the same manner that the corner standards are connected to adjacent panels in this case.

The Australian patent relates to building structures formed from prefabricated, flat, modular wall units or panels. To avoid the difficulty of connecting two abutting flat units directly together at the corner and to insure a rigid joint, the patentee provides a prefabricated L-shaped junction piece for a right-angle corner. That piece comprises a laminated structure similar to the flat units in material and thickness. The flat wall units are connected to the junction piece in the same manner that those units are connected to each other.

The basis of the rejection is set out in the Examiner's Answer as follows:

"Claims 30, 31 and 32 are rejected as being unpatentable over claims 1 or 2 of applicant's patent in view of the Australian patent 159,932. It is considered obvious that the same coplanar, hollow wall panel joint as defined in claims 1 or 2 of Eckel could be applied without modification to a corner element having right angularly disposed sides (the corner element being otherwise identical to the coplanar, hollow wall panels) especially in view of Fig. 2 of the Australian patent 159,932 which clearly shows that corner panel units may be connected to adjoining flat

panel units by the same type of connecting means employed to connect adjoining flat panel units to each other. The Australian patent also shows that the corner panel units differ from the coplanar, flat panel units only in that their inner and outer side walls are each right angularly bent."

Appellant urges that bending his panel at a right angle to form two angular portions to fill a corner in a room, "which bending is taught by the Australian patent," may fill a corner; "but it is a bent panel—not a corner standard." He also contends that, while bending a panel is possible, it involves bending problems and additional expense. He argues that In re Copeman, 135 F.2d 349, 30 CCPA 962, cited by the board in support of its reliance on the Eckel patent, relates to a case wherein both disclosures were directed to substantially the same process, whereas there is no teaching, "either in appellant's patent or any other patent, that a corner standard might be used."

■ The issue is whether appellant's present application distinguishes patentably over the subject matter claimed in his patent. The prior art is properly considered with that subject matter in making the determination. See In re Simmons, 312 F.2d 821, 50 CCPA ——.

■ We are not convinced that the Patent Office erred in refusing to allow the present claims. It is our opinion, the disclosure of the corner connection in the Australian patent would clearly make it

obvious to a person of ordinary skill in the art to modify the construction claimed in the Eckel patent in a manner resulting in the subject matter sought to be patented here. Although appellant attempts to find a distinction between a "corner standard" and a bent corner panel, we find no patentable significance in that respect.

The decision is affirmed.

Affirmed.