54 CCPA

**Application of David G. BRAITHWAITE.**

**Patent Appeal No. 7801.**

United States Court of Customs and Patent Appeals.

June 15, 1967.

Rehearing Denied Oct. 5, 1967.

Marzall, Johnston, Cook & Root, Richard L. Johnston, Herbert B. Keil, Chicago, Ill., for appellant.

Joseph Schimmel, Washington, D. C. (Joseph F. Nakamura, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Judges, and WILLIAM H. KIRKPATRICK.*

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals, adhered to on reconsideration, affirming the rejection of claims 1–3 and 16–18 of application serial No. 94,124, filed March 8, 1961, for "Preparation of Organic Compounds of Metals." The board reversed the rejection of claims 4–15 and they stand allowed.

This is a companion appeal to No. 7800, decided concurrently. This application, like that in No. 7800, is a continuation-in-part of application serial No. 811,262, now Patent No. 3,007,858, granted November 7, 1961. We shall assume knowledge of our other opinion.

The invention here is directed to an electrolytic process for forming organometallic compounds. Claims 1–3 are for process and claims 16–18 for electrolyte compositions. The claimed invention contemplates the use of a wide variety of metals as sacrificial anodes and the consequent production of a like variety of metallic compounds. Claims 1–3 refer to "metal" broadly and the supporting application disclosure is of lead, aluminum, calcium, zinc, cadmium, manganese, mercury, lanthanum, thallium, arsenic, bismuth, tellurium, and selenium.

The rejection is on the ground of double patenting in view of the claims of patent No. 3,007,858, the following prior art references being also relied on to support that rejection:

Calingaert et al. 2,535,193 Dec. 26, 1950

French et al., Journal of the American Chemical Society, Vol. 52 (1930), pages 4904–4906

Assignee, Nalco Chemical Company, filed a terminal disclaimer of any part of the term of a patent to be granted on this application which would extend beyond the expiration date of patent No. 3,007,-858, November 7, 1978.

Appellant relied on our decisions in In re Robeson, 331 F.2d 610, 51 CCPA 1271, and In re Kaye, 51 CCPA 1465, 332 F.2d 816, 141 USPQ 829, and the board relied on In re Siu, 222 F.2d 267, 42 CCPA 864. (As to allowed claims 4–15, the board found the terminal disclaimer effective to overcome the double patenting rejection because these claims contained specific recitations either of metals or of organic radicals "not claimed in the prior

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

patent," which we take to mean not *recited* in any claims as distinguished from not *covered* by any claims.)

The problem in this case is very like that in No. 7800 with this difference as to claims 1–3. These claims, in the board's words, are "generic to patent claim 1," that is, at least as to the metal, they are broader in defining it as "metal" instead of naming lead. Claim 1 on appeal reads:

> 1. A process for preparing *organo metallic* compounds which comprises electrolyzing, using a *sacrificial metal anode,* a substantially anhydrous solution of a Grignard reagent in a substantially inert organic solvent for said Grignard reagent, adding extraneous organic halide to said solution, and recovering from the resultant product an *organo metallic* compound consisting of hydrocarbon radicals linked directly to *the metal* of the sacrificial anode. [Emphasis ours.]

Claim 2 adds the limitation that 0.1 to 1.5 moles of extraneous organic halide per mole of Grignard reagent is used and claim 3 further adds limitation to use of a plurality of extraneous organic halides. In appeal 7800 the broader claims were in the issued patent and here, at least as to the metal recitation, they are in the continuation-in-part on appeal. This presents a somewhat different situation but not one so different, in our view, as to call for a different result. The board treats the two cases alike and pursued a rule which it derives from two of our earlier decisions, In re Zickendraht, 319 F.2d 225, 50 CCPA 1529 (1963), and In re Ockert, 245 F.2d 467, 44 CCPA 1024 (1957). This rule it describes as "The well established doctrine that claims in a second application must define a patentably distinct invention over the claims of an appellant's prior patent * * * regardless of the comparative scope of the claims or of the order in which the claims were presented." In neither of these cases was there any consideration of a terminal disclaimer since in neither case was one filed.[1] *Ockert* was essentially a single invention type of situation like *Siu,* and *Zickendraht* was at the very beginning of the period of our recent rethinking of the double patenting situation. In fact it was in footnote 4 of the concurring opinion of the writer therein that the suggestion was made which appears to have resulted in increasing use of the terminal disclaimer to avoid double patenting. In the present case the board has accepted as effective such a disclaimer apparently where it has found the patent and application claims to be mutually exclusive, as illustrated by comparing patent claim 1 to making *alkyl* lead compounds with allowed application claim 4 to making *phenyl* lead compounds.[2] Alkyl, of course, does not include phenyl. The board has drawn the line to exclude new claims which would dominate the patent claims.

Appellant's purpose in filing the instant application is clearly stated in it. Referring to the parent application for the issued patent, it says:

> In my said copending application there is broadly disclosed a process for the preparation of organic metallic compounds. However, the claims of said application are limited to the preparation of alkyl lead compounds. The purpose of the present application is to cover the process in its broader aspects and also to cover specific proc-

[1]. The solicitor adds reference to In re Simmons, 312 F.2d 821, 50 CCPA 990 (1963). That too was a case in which there was no terminal disclaimer.

[2]. Patent claim 1 is in our opinion in No. 7800. Application claim 4 herein reads as follows:
    4. A process for preparing *phenyl lead* compounds which comprises electrolyzing, using a lead anode, a substantially anhydrous solution of a Grignard reagent in a substantially inert organic solvent for said Grignard reagent, employing an electrolyzing current effective to cause said anode to dissolve in said solution of said Grignard reagent in said organic solvent, adding *extraneous phenyl halide* to said solution, and recovering from the resultant product an organic lead compound consisting of phenyl radicals linked directly to metallic lead. [Emphasis ours.]

esses other than the manufacture of alkyl lead compounds.

Like the other continuation-in-part application in No. 7800, the applicant has supplied much additional technical disclosure relevant to what he is now claiming, disclosing the above-mentioned added metals operable in his invention and 15 new specific examples covering the use of aluminum, zinc, manganese, cadmium, and bismuth, as well as lead. Claims such as claim 1 herein, drawn broadly enough to cover the numerous metals dealt with in this application, are also broad enough to cover the alkyl lead of the patent and so dominate claims of the patent as stated.

As in No. 7800, we agree with the Patent Office that there would be double patenting and we would have to affirm were it not for the terminal disclaimer. Indeed, appellant has conceded this point in his brief with respect to claims 16 and 17. This disposes of the main argument in the solicitor's brief.

As to the terminal disclaimer and its effect in view of our decisions in *Robeson* and *Kaye*, the solicitor points out correctly that there are factual differences between those cases and this one in that there is overlap between the appealed claims and the patent claims. Specifically, he states that appealed claims 1, 2, and 3 are generic to patent claim 1 and that patent claim 1 would include the use of some of the electrolytes encompassed by appealed claim 18. His plea is "that the situation presented in this case is not the type to which the decision in the *Robeson* case and the *Kaye* case should be applied."

For policy reasons particularized in our opinion in No. 7800, we think that on the facts before us it is in the public interest to decide as we did in *Robeson* and *Kaye*. We therefore give effect to the terminal disclaimer to overcome the double patenting rejection as to the appealed claims and the decision of the board is reversed.

Reversed.

WORLEY, C. J., and KIRKPATRICK, J., did not participate.

SMITH, Judge (concurring).

I concur in the result reached by the majority for the reasons stated in my concurring opinion in PA 7800, In re Braithwaite, Cust. & Pat.App., 379 F.2d 594, decided concurrently herewith.