**ALLEN–BRADLEY COMPANY, a Wisconsin Corporation, Appellant,**

v.

**AIR REDUCTION COMPANY, Inc., a New York Corporation.**

No. 16958.

United States Court of Appeals Third Circuit.

Argued March 4, 1968.

Decided March 21, 1968.

Arthur H. Seidel, Quarles, Harriott, Clemons, Teschner & Noelke, Milwaukee, Wis., John G. Gent, Erie, Pa., Allan W. Leiser, Milwaukee, Wis., Arnold J. Ericsen, Milwaukee, Wis., of counsel, for appellant.

W. Brown Morton, Jr., McLean, Morton & Boustead, Martin J. Brown, Washington, D. C., H. Hume Mathews, Murray Hill, N. J., B. R. Coppolo, Driscoll, Gregory & Coppolo, St. Marys, Pa., for appellee.

Before HASTIE, Chief Judge, and SEITZ and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This appeal in a patent infringement suit questions the appropriateness of granting the defendant's motion for summary judgment on the ground that the patent in suit and prior art patents show that the alleged invention was an obvious adaption and aggregation of simple and familiar concepts and devices disclosed in the prior art.

The claimed invention relates to convenient packaging means for uniform small articles, particularly electrical resistors having cylindrical bodies and thin deformable lead wires such as are used in large quantity in electronic circuits. The court below correctly stated that the patented packaging "devices incorporated no principles of chemical or electrical reactions, they are all packages of paper, cardboard, tape and adhesives." The court also pointed out that it had "had the advantage of * * * affidavits of experts, * * * copies of patents embodying the prior art, * * * the additional patents produced by both counsel, actual samples of plaintiff's and defendant's packages, courtroom demonstrations and blackboard drawings made during argument and extensive oral argument, by extremely able and experienced counsel." On this appeal the plaintiff could point to nothing additional to the matter already before the court that might have been helpful in determin-

ing whether the alleged invention was obvious under Section 103 of Title 35, United States Code, except oral testimony in the nature of opinion evidence as to obviousness. In our view, the structures involved seem so simple, the role and functions of the device and its several components so clear and normal, and the opposing contentions of the parties so understandable, that no useful function would have been served by testimony concerning obviousness by persons claiming special skill in mechanics or experience in dealing with the problems of packaging which this device solved.

Beyond the appropriateness of adjudication on motion for summary judgment in the circumstances of this case, we agree on the merits with the analysis made by the district court and with its conclusion that the subject matter in the patent was obvious within the meaning of Section 103.

The judgment will be affirmed.