**SPERTI PRODUCTS, INC.**

v.

**The COCA COLA COMPANY, Sperti Products, Inc. and the Institutum Divi Thomae Foundation, Appellants.**

**No. 17025.**

United States Court of Appeals Third Circuit.

Argued May 10, 1968.

Decided Aug. 13, 1968.

See also, D.C., 262 F.Supp. 148.

Albert E. Strasser, Melville, Strasser, Foster & Hoffman, Cincinnati, Ohio (John J. DeLuca, Joseph A. Julian, Jr., Wilmington, Del., William Schurtman, Shea, Gallop, Climenko & Gould, New York City, on the brief), for appellants.

Paul L. Ahern, Wolfe, Hubbard, Voit & Osann, Chicago, Ill. (Rodney M. Layton, Richards, Layton & Finger, Wilmington, Del., Richard Russell Wolfe, George E. Bullwinkel, Wolfe, Hubbard, Voit & Osann, Chicago, Ill., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This appeal challenges that part of the August 17, 1967, opinion of the District Court, 272 F.Supp. 441 holding that "the Cole patent is invalid for obviousness under Section 103 (35 U.S.C.A. § 103)"[1] and the October 5, 1967, order of the District Court based on such opinion[2] dismissing the Complaint of the appellants, an assignee and an exclusive licensee under the Cole patent.

Claim 4 of the Cole patent calls for a process of producing a citrus juice concentrate. The juice is maintained in a state of continuous agitation, while subject to freezing temperatures, to convert it into a pumpable slurry with ice crystals "less than about $\frac{1}{32}$ inch in the greatest dimension" from which the first concentrate is separated. A second concentrate is then formed by washing the ice crystals "at a temperature below the freezing point" with sufficient "aqueous liquid at a temperature above the freezing point", with such concentrate having "a Brix value closely approaching the Brix value of the first concentrate."[3] Appellee's expert (Dr. Redd) testified that several prior and one co-pending patent disclosed basic

1. 35 U.S.C. § 103 provides:
"A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

2. In a pre-trial stipulation, it was agreed that rulings on Claims 4–8 of this patent would be dispositive of the issues of validity and infringement.

3. The quoted words are those which appellant claims are not in the prior art (p. 15 of brief and chart at argument). Brix value is a practical indication of the sugar present in the juice, and maximizing the Brix value or sugar through reclaiming it from the ice was one of the goals of the processes covered by the Cole and prior art patents. The District Court opinion gives a more complete description of this patent as follows:

"The Cole invention, as described in Claim 4, contemplates the initial freezing of the beverage liquid to form a pumpable slurry in the manner disclosed in the co-pending Walker application. From this slurry two concentrates are formed in the following manner: The slurry is continuously fed to a centrifuge where the slurry is centrifuged to separate the ice crystals from the liquid constituent of the slurry and thus produce a spun off or first concentrate. The remaining ice crystals, while still under centrifugal conditions are then subjected to a single washing with an aqueous liquid. The aqueous liquid has a substantially lower Brix value than the first concentrate. The ice crystals are washed at a temperature below freezing and the aqueous liquid with which they are washed is at a temperature above freezing. The quantity of aqueous liquid used is so proportioned as to provide the second concentrate with a Brix value closely approximating the Brix value of the first concentrate, and the ice residue which remains after the washing has substantially no Brix value.
"Claim 5 of Cole limits the process described in Claim 4 to orange juice."

parts of the process described in Claims 4–8 of the Cole patent and that the process which it described would have been obvious to a man skilled in the field of juice concentration on or before the date when the application for the Cole patent was filed. Dr. Redd gave specific reasons, with references to prior patents, why he disagreed with appellant's expert, Dr. Tressler, on this point. In the District Court's findings, it adopted at least some of the views of Dr. Redd. Also, it explicitly rejected the views of appellant's expert. After a review of the record, we are unable to conclude that the District Court committed clear error in its findings as grounded in its reliance upon appellee's qualified expert[4] and other evidence in the record. See Graver Tank & Mfg. Co. v. Linde Air Products Co., 336 U.S. 271, 274, 275, 69 S.Ct. 535, 537, 93 L.Ed. 672 (1949), rehearing 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097 (1950), a patent case, where the court said:

"Rule 52(a) of the Federal Rules of Civil Procedure provides in part: 'Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.' To no type of case is this last clause more appropriately applicable than to the one before us, where the evidence is largely the testimony of experts as to which a trial court may be enlightened by scientific demonstrations. * * *

"The rule requires that an appellate court make allowances for the advantages possessed by the trial court in appraising the significance of conflicting testimony and reverse only 'clearly erroneous' findings."[5]

The District Court's opinion shows that it followed this language used in Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966):

"Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or non-obviousness of the subject matter is determined."

See, also, Gould-National Batteries, Inc. v. Gulton Industries, Inc., 361 F.2d 912, 915 (3rd Cir. 1966), where this court held that a "claim * * * comprised of an aggregation of elements which the court below found were old and well known in the art * * * is invalid for its failure to meet the test of § 103"; cf. Allen-Bradley Company v. Air Reduction Company, 391 F.2d 282 (3rd Cir. 1968).

The order of the District Court dated October 5, 1967, will be affirmed.

KALODNER, Circuit Judge (dissenting).

I would reverse the Judgment of the District Court insofar as it holds the

---

4. In R. M. Palmer Company v. Luden's, Inc., 236 F.2d 496, 498 (3rd Cir. 1956), Judge Kalodner's able opinion emphasized that appellants had not shown the District Court's findings were "clearly erroneous" in applying 35 U.S.C. § 103 to design patents (35 U.S.C. § 171). The District Court opinion makes clear that it was fully aware of the "secondary considerations" relevant to the application of 35 U.S.C. § 103. After quoting the Supreme Court's language concerning such considerations, Graham v. John Deere Co., 383 U.S. 1, 17–18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1963), the District Court found appellants' "Sperti" patent

(of 1952, not involved in this appeal) valid on grounds that included "failure of others" and "long felt need". In addition, that part of the decision showed how such considerations prevented appellee from meeting its "heavy burden" as to the obviousness of the Sperti patent which formed part of the prior art when the Cole patent application was filed in August 1957.

5. It is noted that in Graham v. John Deere Co., 383 U.S. 1, 25, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), the court recently relied heavily on expert testimony in a case applying 35 U.S.C. § 103.

Cole Patent (U. S. Patent No. 2,967,778) invalid "for obviousness" under Section 103 (35 U.S.C.A. § 103) and dismisses the Complaint with respect to said Patent on that ground.

In my opinion the District Court erred (1) in holding the Cole process "obvious" in light of the prior art; (2) in failing in the instant case, to take cognizance of the "secondary considerations" of "commercial success, long felt but unsolved needs, failure of others, etc.," which "may have relevancy" as "indicia of obviousness or nonobviousness" under the doctrine of Graham v. John Deere Co., 383 U.S. 1, 17–18, 86 S. Ct. 684, 15 L.Ed.2d 545 (1966); and (3) in holding that the defendant "met the heavy burden of persuasion required of it to establish that the Cole patent is invalid for obviousness under Section 103".

In the instant case, the District Court failed to apply the teaching of our recent opinions in Frank W. Egan Co. v. Modern Plastic Machinery Corp., 387 F. 2d 319 (3 Cir. 1968), cert. den. 391 U.S. 966, 88 S.Ct. 2036, 20 L.Ed.2d 879 (June 3, 1968), and Jones Knitting Corporation v. Morgan, 361 F.2d 451 (3 Cir. 1966) with respect to giving effect to the "secondary considerations", spelled out above, and to the quality and quantum of proof necessary to rebut the presumption of validity of a patent.

The majority here mistakenly applied the "clearly erroneous" rule with respect to the District Court's factfinding as to the "obviousness" of the Cole Patent. The District Court's opinion clearly indicates that its finding of "obviousness" is premised on several patents and publications and not on oral testimony. That being so, the "clearly erroneous" rule is inapplicable here. Borden Company v. Clearfield Cheese Co., 369 F.2d 96, 101 (3 Cir. 1966).

The weight of the evidence establishes that Cole invented and taught a process of producing a citrus juice concentrate which was not obvious in the light of the prior art; that the Cole Patent is novel and has utility and represents a significant advance in the field, as demonstrated by the secondary considerations of its "commercial success"; solution of "long felt but unsolved needs", and "failure of others" to achieve its results.