**CALIFORNIA CAR WASH SYSTEMS, INC., and Bowe, Bohler & Weber KG, Plaintiffs,**

v.

**DANCO, INC., d/b/a Colorado Mfg. Co., et al., Defendants.**

**Civ. A. No. C–2299.**

United States District Court, D. Colorado.

Aug. 4, 1972.

---

H. B. VanValkenburgh, Denver, Colo., and Francis A. Utecht, Long Beach, Cal., for plaintiffs.

Ralph F. Crandell, Denver, Colo., and Samuel J. Sutton, Jr., Phoenix, Ariz., for defendants.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

CHILSON, District Judge.

This matter is before the Court after trial to the Court. The parties have submitted briefs which supplement their closing arguments.

Plaintiffs seek to enjoin defendants from infringing Claims, 1, 2, 4, and 6 of Fuhring U. S. Patent No. 3,304,565. (See Exhibits 1 and QQ).

The Fuhring Patent for a roll-over car wash device was issued on February 21, 1967, to Heinrich Fuhring, and assigned to Bowe, Bohler, & Weber (Bowe). On January 1, 1970, Bowe granted a license under the patent to California Car Wash. On December 1, 1970, Bowe assigned the patent to California Car Wash.

Defendants built and sold a single car wash machine in October 1969, which plaintiff contends infringes the Fuhring Patent. Defendants assert that the patent is invalid, not infringed and unenforceable.

Plaintiffs have waived damages and seek only a permanent injunction against defendants and costs in this action including the expense of bringing witness Fuhring from Germany to Denver for his deposition and the expense incurred in the preparation of Exhibits 33–40 relating to infringement.

Defendants request an award of attorney's fees.

The question presented to the Court is the validity of the Fuhring Patent. If the patent is valid, then the plaintiffs are entitled to the requested relief since the evidence shows infringement by the defendants. However, if the patent is invalid, the Court must find for the defendants since an invalid

patent cannot be infringed. Griswold v. Oil Capital Valve Co., 375 F.2d 532 (10th Cir. 1966).

Defendants' claim of invalidity of the Fuhring Patent is based on three primary grounds:

(1) The patent is anticipated by the prior art and is invalid under 35 U.S.C. § 102(b).

(2) The patent, because of the obviousness of the claimed subject matter, is invalid under 35 U.S.C. § 103.

(3) The claims of the patent "overclaim" to the extent that it is invalid under 35 U.S.C. § 112.

## JEPSON-TYPE CLAIMS

A portion of Claim 1 of the Fuhring Patent reads as follows:

1. In vehicle-washing apparatus having a runway extending longitudinally of a vehicle to be washed and a carriage shiftable along said runway relatively to the vehicle, *the improvement which comprises:*

   Washing means . . . and

   a parallelogrammatic linkage . . .

By using the Jepson form of claiming, the patentee is relying on the material after the colon for the subject matter to be patented. Application of Simmons, 312 F.2d 821, 50 C.C.P.A. 990 (1963). The introductory portion up to the colon is only a recitation of elements known in the prior art. Ex parte Jepson, 1917 CD 62, 248 OG 526.

Plaintiffs do not expressly controvert defendants' contention that the introductory language is only a recitation of the prior art and not part of the patented subject matter.

## ANTICIPATION

This being so, it is necessary to examine the subject matter claimed after the introductory phrase to determine whether the patent in suit has been anticipated by the prior art. As plaintiff's counsel stated at trial, the mounting of the side brush connections through the use of a parallelogrammatic linkage swingably mounted forms the basis for this suit.

The doctrine of anticipation by patents is a narrow and technical one. To come within it, all the elements of the invention, or comparable ones, *must do substantially the same work in substantially the same way and be within one structure.* [citation] (Emphasis supplied). Griswold v. Oil Capital Valve Co., *supra*, 375 F.2d at 537, quoted in A. E. Staley Manufacturing Co. v. Harvest Brand, Inc., 452 F.2d 735 (10th Cir. 1971).

In order for defendants to prove anticipation, they must ". . . sustain [anticipation] by clear and convincing evidence and a patent is to be measured as anticipatory, not by what might be made out of it, but by what it clearly and definitely discloses." McCullough Tool Company v. Well Surveys, Inc., 343 F.2d 381, 398 (10th Cir. 1965).

The following are the claims of the Fuhring Patent (Exhibit QQ) allegedly infringed by defendants:

"1. In a vehicle-washing apparatus having a runway extending longitudinally of a vehicle to be washed and a carriage shiftable along said runway relatively to the vehicle, the improvement which comprises:

"Washing means rotatable about an axis and engageable with a surface of the vehicle for following contours thereof and subjecting said surface to a washing treatment; and

"a parallelogrammatic linkage swingable mounted on said carriage and carrying said washing means with at least limited freedom of movement thereof in a direction transverse to said axis while maintaining said axis substantially parallel to itself during said movement of said washing means."

"2. The improvement defined in claim 1, further comprising:

"A generally U-shaped yoke mounted upon said parallelogrammatic linkage and open in the direction of said vehicle while rotatably supporting said washing means between the arms of said yoke; and

"means acting upon said parallelogrammatic linkage biasing said yoke in the direction of said surface to hold said washing means thereagainst."

"4. The improvement defined in claim 2 wherein the last mentioned means includes:

"pusher means acting upon said parallelogrammatic linkage and actuable to urge said washing means against said surface."

"6. The improvement defined in claim 1 wherein said parallelogrammatic linkage has at least one pivoting axis about which said washing means is swingable further comprising:

"bearing means supporting said parallelogrammatic linkage for swinging movement relative to said carriage about a further axis generally transverse to said pivoting axis of said parallelogrammatic linkage."

Claim 7 defines the parallelogrammatic linkage in Claim 1 as being formed by "lazy tongs".

Defendants' expert, Burton, testified that every element in the litigated claims are contained in Figure 6 of the Tytler Patents, U. S. Patent 2,983,937. (Exhibit F.)

Burton specifically testified that every essential element in claim 1 of the Fuhring Patent is contained in the Tytler Patent. Each element in claim 2 of the Fuhring Patent is shown in Figure 6 of the Tytler Patent and is functionally the same; the only difference between claim 3 of Fuhring and Figure 6 of Tytler is that Tytler discloses no counterweight; defendants' machine uses no counterweight; claim 4 of Fuhring and Figure 6 of Tytler are identical; there is no difference between claim 6 of Fuhring and the Tytler Patent, and each element in claim 6 of Fuhring is found in the Tytler Patent. The Tytler Patent identically shows all that the Fuhring Patent claims. (Tr. 74).

Plaintiffs did not rebut the evidence that the structural elements of the Fuhring claims are found in the Tytler Patent. Burton, on cross-examination, did admit that the Fuhring device can accomplish results that Tytler cannot, but that these results were not a part of the patent claimed by Fuhring.

The evidence is clear and convincing that the Tytler Patent anticipates the Fuhring Patent. Consequently, the Fuhring Patent is invalid and cannot be infringed.

## OBVIOUSNESS

Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. Graham v. John Deere Company, 383 U.S. 1, 17, 86 S.Ct. 684, 694, 15 L.Ed.2d 545 (1963).

Defendant has a heavy burden in establishing that the patent in suit would have been obvious to a person having ordinary skill in the car wash business. Sperti Products, Inc. v. Coca-Cola Co., 272 F.Supp. 441 (D.Del.1967), aff'd, 399 F.2d 607 (3d Cir. 1967). Defendants presented almost no evidence on this question and failed to meet their burden of proof.

## OVERCLAIMING

Defendants contend that the Fuhring Patent is invalid under 35 U.S. C. § 112 for being overly broad. The reasons the claims are allegedly over broad is that they read on the prior art. However, in determining overbreadth,

". . . the claims of a patent are to be construed in the light of the specification and the understanding thereof by those skilled in that art to whom they are addressed".[1] This contention fails because of defendants' failure to sustain their burden of proof in this respect.

## PRIOR ART REFERENCES

The failure of the patent examiner to cite prior art references, Tytler in particular, causes the parties to cite a plethora of cases to the Court with regard to the presumption of validity.

Plaintiffs argue it is presumed that the examiner discarded the uncited prior art as not pertinent.

Defendants argue that where the examiner fails to cite prior art which is pertinent, the presumption of validity is weakened. Admiral Corporation v. Zenith Radio Corporation, 296 F.2d 708, 715 (10th Cir. 1961). Burton testified that the Tytler was more relevant than the prior art cited by the examiner.

Neither party introduced evidence that the examiner did or did not consider the Tytler Patent. However, since Tytler anticipates Fuhring, it is likely that the examiner overlooked Tytler even though it was in the same class and sub-class as Fuhring. Oglebay Norton Company v. Universal Refractories Corporation, 300 F.Supp. 1106 (D.C.Wis.1969); Straussler v. United States, 339 F.2d 670, 168 Ct.Cl. 852 (1964).

## AWARD OF ATTORNEY'S FEES

■ Defendants contend that plaintiffs' failure to call the attention of the examiner to the Tytler Patent should result in judgment for an award of attorney's fees to defendants.

Plaintiffs were issued a presumably valid patent. When they discovered an infringing device, even though they had knowledge of the Tytler Patent, a suit to enjoin infringement is not so exceptional as to justify the award of attorney's fees.

## TRAVEL EXPENSES OF FUHRING COST OF EXHIBITS

■ Even though defendants should prevail, the cost of bringing Fuhring to Denver from Germany should be assessed to defendants. Defendants did not use Fuhring's deposition at trial. Interrogatories would have served as well and would have saved the expense of requiring plaintiff to produce Fuhring in Denver.

■ Plaintiffs' cost for the preparation of the infringement exhibits should be borne by plaintiffs since they had to prove infringement in any case.

It is ordered that judgment of dismissal of the complaint be entered forthwith and that the defendants have judgment for their costs to be taxed by the Clerk of the Court upon the filing of a bill of costs.

It is further ordered that the plaintiffs have judgment against the defendants for the costs incurred by the plaintiffs in the payment of travel expenses of the witness, Fuhring, from Germany to Denver, for the purpose of giving his deposition. The plaintiffs shall submit to the Clerk of the Court, an itemized statement of these expenses within five days from this date, and thereupon, the Clerk shall enter judgment accordingly.

It is further ordered that the defendants' claim for attorney's fees and the plaintiffs' claim for the costs of the preparation of the infringement exhibits are hereby denied.

1. Application of Myers, 410 F.2d 420, 425 (CCPA 1969).