CALIFORNIA CAR WASH SYSTEMS,
INC., and Bowe, Bohler & Weber KG,
Plaintiffs,

v.

DANCO, INC., d/b/a Colorado Mfg. Co.,
et al., Defendants.

Civ. A. No. C–2299.

United States District Court,
D. Colorado.

July 29, 1974.

Van Valkenburgh & Lowe by H. B. Van Valkenburgh, Denver, Colo., for plaintiffs.

Drake & Crandell by R. F. Crandell, Denver, Colo., for defendants.

## AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

CHILSON, District Judge.

After a trial to the Court, the Court entered Findings of Fact, Conclusions of Law and Orders. (See 348 F.Supp. 958). Upon appeal by both parties of portions of the Court's judgments, the Tenth Circuit Court of Appeals affirmed this Court's judgments in part, but reversed the Court's judgment based on findings and conclusions that the patent under which the plaintiffs' claim was anticipated by the prior act and therefore plaintiffs could not maintain their action for infringement. The matter was remanded to this Court "for further proceedings".

For convenience, we here set forth the Circuit Court's opinion:

"This is a direct appeal from a judgment of the trial court, sitting without a jury. The court held that Danco, Inc., et al., defendants-cross-appellants, had infringed plaintiffs-appellants' patent, but that said patent was anticipated by the prior art, more particularly Patent No. 2,983,937, issued to R. C. Tytler et al. The trial court's memorandum opinion is reported at 348 F.Supp. 958.

"Appellants, plaintiffs below, appeal from the determination that their patent had been anticipated. Defendants below, cross-appellants here, appeal from that portion of the judgment denying them attorney fees and that

portion which assessed the cost of having Mr. Fuhring, to whom plaintiffs' patent had originally issued, flown to the United States from Germany in order that defendants could depose him, against defendants.

"The trial court made his finding that the patent had been anticipated by the prior art after first finding that the preamble to the claims should not be read as a limitation on the claims in accordance with the doctrine announced in Ex Parte Jepson, 1917 C. D. 62, 248 OG 526. In this respect, we are of the opinion that the trial court committed error. Careful reading of the claims, especially claims one, two, and six, particularly in view of the specifications and drawings, depends upon the preamble for life, vitality, and meaning. This being so, the limitations in the preamble apply. See Kropa v. Robie, 187 F.2d 150 [38 CCPA 858]; Schram Glass Mfg. Co. v. Homer Brooke Glass Co. [7 Cir.], 249 F. 228; see also I Deller, Patent Claims, 2d Ed., § 78 (1971).

"It will therefore be necessary to remand this case to the district court for further proceedings.

"As to the errors alleged in No. 72–1819, we have studied the briefs and the record very carefully and find nothing that would indicate that the trial court committed an abuse of discretion in refusing to award attorney fees to defendants below, or in awarding costs to plaintiffs for Mr. Fuhring's travel expenses. Therefore, that portion of the judgment is AFFIRMED.

"REVERSED AND REMANDED."

In accordance with the mandate of the above opinion, the Court has reconsidered the question of "anticipation by the prior art" in the light of the opinion and has also considered the contentions of the parties as set forth in their Proposed Findings of Fact and Conclusions of Law submitted to the Court. The Court now enters its Amended Findings of Fact, Conclusions of Law as follows:

## AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO ANTICIPATION

Those portions of the original Findings of Fact and Conclusions of Law beginning with the first paragraph thereof and continuing to the heading "Obviousness" are modified and amended to read as hereinafter set forth.

Plaintiffs seek to enjoin defendants from infringing Claims 1, 2, 4, and 6 of Fuhring U. S. Patent No. 3,304,565. (See Exhibits 1 and QQ).

The Fuhring Patent for a roll-over car wash device was issued on February 21, 1967, to Heinrich Fuhring, and assigned to Bowe, Bohler, & Weber (Bowe). On January 1, 1970, Bowe granted a license under the patent to California Car Wash. On December 1, 1970, Bowe assigned the patent to California Car Wash.

Defendants built and sold a single car wash machine in October 1969, which plaintiff contends infringes the Fuhring Patent. Defendants assert that the patent is invalid, not infringed and unenforceable.

Plaintiffs have waived damages and seek only a permanent injunction against defendants and costs in this action including the expense of bringing witness Fuhring from Germany to Denver for his deposition and the expense incurred in the preparation of Exhibits 33–40 relating to infringement.

Defendants request an award of attorney's fees.

The question presented to the Court is the validity of the Fuhring Patent. If the patent is valid, then the plaintiffs are entitled to the requested relief since the evidence shows infringement by the defendants. However, if the patent is invalid, the Court must find for the defendants since an invalid patent cannot be infringed. Griswold v. Oil Capital Valve Co., 375 F.2d 532 (10th Cir. 1966).

Defendants' claim of invalidity of the Fuhring Patent is based on three primary grounds:

(1) The patent is anticipated by the prior art and is invalid under 35 U.S.C. § 102(b).

(2) The patent, because of the obviousness of the claimed subject matter, is invalid under 35 U.S.C. § 103.

(3) The claims of the patent "overclaim" to the extent that it is invalid under 35 U.S.C. § 112.

## ANTICIPATION

The following are the claims of the Fuhring Patent (Exhibit QQ) allegedly infringed by defendants:

"1. In a vehicle-washing apparatus having a runway extending longitudinally of a vehicle to be washed and a carriage shiftable along said runway relatively to the vehicle, the improvement which comprises:

"Washing means rotatable about an axis and engageable with a surface of the vehicle for following contours thereof and subjecting said surface to a washing treatment; and

"a parallelogrammatic linkage swingable mounted on said carriage and carrying said washing means with at least limited freedom of movement thereof, in a direction transverse to said axis while maintaining said axis substantially parallel to itself during said movement of said washing means."

"2. The improvement defined in claim 1, further comprising:

"A generally U-shaped yoke mounted upon said parallelogrammatic linkage and open in the direction of said vehicle while rotatably supporting said washing means between the arms of said yoke; and

"means acting upon said parallelogrammatic linkage biasing said yoke in the direction of said surface to hold said washing means thereagainst."

"4. The improvement defined in claim 2 wherein the last mentioned means includes:

"pusher means acting upon said parallelogrammatic linkage and actuable to urge said washing means against said surface."

"6. The improvement defined in claim 1 wherein said parallelogrammatic linkage has at least one pivoting axis about which said washing means is swingable further comprising:

"bearing means supporting said parallelogrammatic linkage for swinging movement relative to said carriage about a further axis generally transverse to said pivoting axis of said parallelogrammatic linkage."

That portion of Claim No. 1 which reads:

"In vehicle-washing apparatus having a runway extending longitudinally of a vehicle to be washed and a carriage shiftable along said runway relatively to the vehicle, the improvement which comprises:"

was referred to by this Court in its original Findings as "The introductory portion" and the Circuit Court of Appeals has referred to it as "the preamble". The Circuit Court opinion states:

"Careful reading of the claims, especially claims one, two, and six, particularly in view of the specifications and drawings, depends upon the preamble for life, vitality, and meaning. This being so, the limitations in the preamble apply. See Kropa v. Robie, 187 F.2d 150 [38 CCPA 858]; Schram Glass Mfg. Co. v. Homer Brooke Glass Co. [7 Cir.], 249 F. 228; see also I Deller, Patent Claims, 2d Ed., § 78 (1971)."

The doctrine of anticipation by patents is a narrow and technical one. To come within it, all the elements of the invention, or comparable ones, must do substantially the same work in substantially the same way and be within one structure. Griswold v. Oil Capital

# 1348

Valve Co., supra, 375 F.2d at 537, quoted in A. E. Staley Manufacturing Co. v. Harvest Brand, Inc., 452 F.2d 735 (10th Cir. 1971).

In order for defendants to prove anticipation, they must ". . . sustain [anticipation] by clear and convincing evidence and a patent is to be measured as anticipatory, not by what might be made out of it, but by what it clearly and definitely discloses." McCullough Tool Company v. Well Surveys, Inc., 343 F.2d 381, 398 (10th Cir. 1965).

The defendants contend that the Tytler Patent No. 2,983,937 anticipates the Fuhring claims in its Patent No. 3,304,565. When "the preamble" of the Fuhring claims is given the effect of a limitation, the Fuhring claims are not anticipated by the Tytler Patent because the Fuhring device does not perform substantially the same work in substantially the same way as the Tytler device.

The basic difference between the Tytler and Fuhring device is that in Tytler, the brushes are supported by a fixed frame with the vehicle being driven through it, whereas in the Fuhring device, the brushes are carried by a carriage which moves forwardly and rearwardly over the car to be washed, the car remaining stopped. The Fuhring device requires only that the car be driven underneath the carriage and stopped. Thereafter, the washing operation is completely automatic requiring no further attention from the car driver.

In using the Tytler device, the driver must first line up the front end of the vehicle with the side brushes and wait while the side brushes clean the front end of the vehicle. Thereafter, the driver must drive the rig forwardly until he has positioned the rearend of the vehicle with the brushes. He must then wait while the brushes clear the rearend of the vehicle.

In short, the object to be accomplished, the car washing, is accomplished by the Fuhring device by the mobility of the device while the car remains stopped and requires no action on the part of the driver. The Tytler device accomplishes the same purpose, car washing, largely by the mobility of the vehicle to be washed, rather than by the mobility of the washing device.

The Court concludes that the two devices, while doing substantially the same work (car washing), do not do the work in substantially the same way.

The Court concludes from the evidence and the law as set forth in this case by the Circuit Court that the Tytler Patent does not anticipate the Fuhring Patent; that the Fuhring patent is valid; that defendants have infringed the Fuhring Patent, and plaintiffs are entitled to injunctive relief against further infringement of the Fuhring Patent by the defendants.

## AMENDED ORDERS

That portion of the original orders entered by the Court in this action which reads as follows:

"IT IS ORDERED that judgment of dismissal of the complaint be entered forthwith and that the defendants have judgment for their costs to be taxed by the Clerk of the Court upon the filing of a bill of costs."

is hereby modified and amended to read as follows:

It is ordered, adjudged, and decreed that the Fuhring Patent No. 3,304,565, is valid; that the defendants infringed the same; that the defendants who have not been dismissed and all those acting in concert with them or any of them are hereby enjoined from further infringement of said patent, either jointly or severally, and that the plaintiffs have judgment against those defendants who have not been dismissed, jointly and severally, for their costs in this Court and in the Tenth Circuit Court of Appeals, such costs to be taxed by the Clerk of this Court upon the filing of a bill of costs.

It is further ordered that except as modified and amended hereby, the original Findings of Fact, Conclusions of Law and Orders shall remain in full force and effect.